### CHURCH vs. SPARROW and GOODSELL.

Where a general partnership exists, and money is borrowed by one of the firm *in the name* of the firm, all the partners are liable, although the money when obtained be appropriated by the partner borrowing it to his own use.

So, also, they are liable where one of the firm borrows money, (not expressly on his individual credit,) and it be shewn that it was borrowed for and appropriated to the use of the firm.

THIS was an action of *assumpsit*, tried at the Madison circuit, before the Hon. SAMUEL NELSON, one of the circuit judges.

The defendants were co-partners in trade; Goodsell residing at *Hamilton*, in the county of Madison, where the defendants carried on business as merchants, and Sparrow residing at *Cooperstown*, in the county of Otsego. In January, 1828, Goodsell borrowed of the plaintiff $150, saying that he wanted the money to send to Sparrow. It was proved that Goodsell was in the habit of transmitting money to Sparrow, by taking it to the town of Sherburne, and from thence forwarding it by the stage driver; and that on the day succeeding that on which he borrowed the above sum of the plaintiff, Goodsell went to Sherburne. It was also admitted that Goodsell was in the habit of borrowing money for the firm. On these facts, the plaintiff claimed to recover. The defendants' counsel moved for a nonsuit, contending that the plaintiff was bound to shew that Goodsell, by the terms of the partnership, was authorized to borrow money in the name of the firm; that the money in this case was borrowed in the name and for the use of the firm, or that it was in fact appropriated to the use of the firm. The judge refused to nonsuit the plaintiff, and a verdict was taken for the amount claimed, subject to the opinion of this court as to the liability of the firm.

*P. Gridley*, for plaintiff.

UTICA,
July, 1830.

Judson
v.
Gibbons.

*J. A. Spencer,* for defendant.

*By the Court,* MARCY, J.   Where a general partnership exists, and money is borrowed by one of the firm *in the name* of the firm, all the partners are liable, although the money when obtained be appropriated by the partner borrowing it to his own use.   So, also, they are liable where one of the firm borrows money, (not expressly on his individual credit,) and it is shewn that it was borrowed for and appropriated to the use of the firm.   Whether the money in this case was so borrowed and appropriated is a question which ought to be submitted to a jury, and we therefore order a new trial, although, from the case made, it would seem that the questions of fact as well as law were intended to have been submitted to our decision.

New trial ordered.