By the Court,

Bronson, J.
If this had been the individual debt or transaction of Be Buy, the judge would have been right in saying that the plaintiffs could not recover without proving the money went into the business of the firm, with the knowledge and assent of his co-partners (Jaques v. Marquand, 6 Cowen, 497; Whitaker v. Brown, 11 Wendell, 75); but there was a general partnership and the money was borrowed on the credit [49] of the firm. Whether the money actually went into the partnership business (of which fact there can be little doubt upon the evidence in the case), or whether it was misapplied to other purposes, was a matter of no moment on this trial. Be Buy, as a general partner, had ample authority to bind the other members of the firm for all loans and other contracts made on their credit (Church v. Sparrow, 5 Wendell, 223; 15 Mass. R. 75, 331; 5 Cowen, 710.) No fraud on the part of the plaintiffs is pretended; and the fact that the money was advanced on what is called an exchange check, does not alter the case from what it would have been, had the money been paid on any other partnership draft. The plaintiffs accommodated the defendants by giving them large discounts, paying the short drafts without charging discount, and advancing them money for exchanges, which might in the mean time be used, without charging interest; and the defendants on their part gave drafts which were paid in current funds, and aided the bank by making exchanges, and thus giving a wider circulation to their bills. These arrangements were mutually advantageous to both parties. The advances for exchange as well as the discounts, wore made on the credit of the firm, and I can see no reason to doubt that all the partners were as much bound in the one case as in the other.
New trial granted.