JOHN C. GRAY, Appellant, v. WILLIAM WARD, Appellee.

APPEAL FROM JEFFERSON.

The law implies authority in one partner to execute notes in the name of the copartnership only where, from the nature of the partnership, the authority is necessary for the success of its business, or where the exercise of the power is according to usage and custom.

Where a partnership is limited to a single enterprise the law will not imply authority in one partner to use the name of the firm, out of its usual business, or contrary to business usage, so as to bind the firm, unless the transaction is subsequently recognized or approved by the partners sought to be made liable.

A., B., and C. held jointly two shares in a joint stock company, created for digging tunnels, acting together without any express understanding as to their relations to each other; B. bought out the interest of C., and gave therefor a note signed A. & Co. A. not knowing anything of the transaction, nor approving it at any time: *Held*, That A. was not liable on the note.

THIS cause was tried before BEECHER, Judge, and a jury, at May term, 1856, of the Jefferson Circuit Court.

Verdict and judgment for plaintiff below, for $1,044.66.

The defendants below prayed this appeal. See opinion of the court for a statement of the case.

BAUGH, TANNER and CASEY, and W. H. and J. B. UNDERWOOD, for Appellant.

J. N. HAYNIE and R. S. NELSON, for Appellee.

SKINNER, J. Ward sued Gray, John Sommers and William Sommers, as partners under the style of John C. Gray & Co., in assumpsit, counting upon a promissory note payable to Ward, and executed in the name of John C. Gray & Co.

Gray, who alone was served with process, pleaded non-assumpsit verified by affidavit. The evidence substantially shows that a joint stock company was formed in California to dig two tunnels (probably to conduct water for mining purposes), consisting of some ten persons; that Gray, John Sommers, and one Hobbs were members of the company, holding jointly two shares, and acting without any express understanding, but by mutual consent, together; that William Sommers bought Hobbs out, and not having the money to pay for his purchase, John Sommers went to Ward, who was in another part of the mining country, to borrow the necessary sum for William Sommers; that Ward refused to loan the money on the credit of the two Sommers, but agreed to loan the money if John Sommers would give him the note of John C. Gray & Co. for

the amount, which he did, and obtained the money. This was done in the absence of Gray, and without his knowledge or consent.

Under the issue, Ward could not recover without proof of the joint liability of Gray on the note. *Warren* v. *Chambers,* 12 Ill. R. 127. And the note having been given by John Sommers in the name of the supposed partnership without the knowledge of Gray, his joint liability depended upon the existence of such a partnership as in law would presume or imply authority in the several partners to execute promissory notes in the partnership name, or upon the subsequent adoption of the act, with a knowledge of the facts under which the note was executed. The law implies such authority only, where, from the nature of the partnership, the authority is necessary to the successful carrying on of the business engaged in, or where its exercise is according to usage and custom in partnership enterprises of the like character. Admitting a partnership existed between the parties sued, the evidence clearly shows it to have been one of a peculiar character, and limited to a single enterprise ; and in such case, in the absence of proof of custom or usage in reference to partnerships of this kind, or habit and course of dealing of the particular partnership consistent with the power exercised, and from which authority in the particular case may be presumed, the law will not imply authority in the several partners to pledge the credit of the members, by executing notes or commercial paper in the partnership name. Where the act done by the individual partner is not within the scope and usage of similar partnerships, nor according to the course of business of the particular partnership, nor a necessary incident to the successful prosecution of the business engaged in, to bind the several partners there must be proof of their previous express consent, or, being fairly advised of the facts, subsequent adoption and satisfaction. Story on Part. Secs. 126, 127, 128, and 154; 3 Kent's Com. 42, 43 ; Collyer on Part. Secs. 402, 421, 1137, and 1139 ; *Brewster* v. *Mott,* 4 Scam. R. 379. All the partners are presumed to confer upon each, authority to act for the partnership according to the custom and usage of partnerships carrying on similar business ; and in commercial partnerships the law implies authority in the several partners to bind the whole by executing notes, bills of exchange, etc., in the partnership name ; but it is otherwise in case of joint enterprises for single adventures, where there is no sanctioning course of dealing in the particular instance, or usage in like enterprises, and where the joint credit is not necessarily required for the common benefit. In this case there is nothing shown from which authority in John Sommers to borrow money on the credit of

3

Gray, and bind him by executing the note, can be fairly implied. *Mervin* v. *Andrus and Mack*, 10 Wend. R. 459.

But the note was given by John Sommers, for the sole benefit of William Sommers, and the money was obtained for his individual use, with the knowledge of Ward, and without the consent of Gray. Ward knew that the note was executed in a matter not within the scope of the partnership, and in violation of the rights of the other partners; and the law will treat him as a party to an attempted fraud of one partner upon the partnership, and the note therefore, as to the other partners, void. Story on Part. Secs. 128 to 134; Kent's Com. 42, 43; 10 Wend. R. 459, above cited; *Wagnon* v. *Clay*, 1 A. K. Marsh. R. 257; *Schermerhorn* v. *Schermerhorn*, 1 Wend. R. 119; *Loverty* v. *Burr*, ibid. 529; *Long* v. *Carter*, 3 Iredell R. 238; 5 Cow. R. 574; *Dickinson* v. *Valply*, 10 Barn. and Cress. R. 128; *Eastman* v. *Cooper*, 15 Pick. R. 276; *Lansing* v. *Gaine*, 2 John. R. 300; *Foot* v. *Sabin*, 19 ibid. 155.

The substance of the transaction was, to loan the credit of the partners to William Sommers; or, in other words, to become security for him. Such transaction, with knowledge of the facts in Ward, could not bind Gray without his previous assent, or subsequent ratification, made with full knowledge of the material facts. There is nothing in proof showing prior assent, or subsequent ratification, nor anything from which adoption or ratification can fairly be inferred. There is no evidence of communication between Gray and Ward until long after the execution of the note, and until Gray had returned to Illinois, and in no communication with Ward does Gray acknowledge his liability or promise to pay the note.

Loose statements to third persons having no interest in the matter, cannot amount to a confirmation or ratification of a void act. In its inception the note as to Gray, was void, and nothing short of clear and satisfactory proof of subsequent adoption and ratification of the act of John Sommers in giving it and after being advised of the material facts, could validate it as to him.

We are satisfied the verdict is wrong. It is unnecessary to examine the other questions presented by the assignment of errors.

Judgment reversed and cause remanded.

*Judgment reversed.*