AMERICAN IRON MOUNTAIN CO., Appellant, v. EVANS *et al.*, INTERPLEADERS, Respondents.

1. The admissions or declarations of one partner are competent evidence against the other partners; if made after the dissolution of the partnership they are not competent evidence.

*Appeal from Washington Circuit Court.*

*T. C. Johnson* and *Beal*, for appellant.

I. There being no proof of a dissolution, Reed was still a

partner, and his declaration, made both before and after the deed of trust was made, that Redden owed the firm of A. Reed & Co. nothing, that he had paid up every thing, was certainly competent evidence in. this case. The court also erred in refusing to strike out the interplea.

*Noell*, for respondent.

I. There was no error in refusing to strike out the interplea. The only books in which there were any charges against Redden were produced. It was competent for Reed when he withdrew from the firm or before to turn over the whole debt of Redden to J. S. & J. R. Evans.

RICHARDSON, Judge, delivered the opinion of the court.

There is evidence tending to show that the indebtedness of Redden to the interpleaders, whatever it was, accrued at the store kept at Kennett's square by the interpleaders and Reed in the name of A. Reed & Co., and there is no dispute that at one time Reed was a partner in that establishment. But though he may have been a partner at the time the account was made, it was competent for him, on his retirement from the firm, to transfer all his interest or his interest in any particular account to the other partners, and then he could make no admission to the disparagement of their rights. Conceding that the acts of Reed in procuring the execution of the deed of trust and naming the interpleaders as the sole beneficiaries in it is evidence that he had previously transferred whatever interest he had in the accounts, that fact does not meet the offer of the plaintiffs to show that before the execution of the deed Reed stated that Redden had fully paid his indebtedness to A. Reed & Co. The evidence is conflicting as to the time that the partnership was changed by the withdrawal of Reed ; some of the witnesses saying that it was before the date of the deed, and others that it was not until several months afterwards ; and in the absence of satisfactory evidence on this point, which it ought to be in the power of the interpleaders to produce, the admissions were

competent for whatever they were worth. It may be that when the declarations are proved they will be insufficient in the opinion of the jury to overcome stronger evidence of the justness of the debt, but they can be considered in connection with the circumstances under which they were made and receive such weight as they deserve.

The interpleaders having produced under the order of the court the books of their establishment at Kennett's square, which they said contained every entry of their transactions with Redden, we will not undertake to revise the discretion exercised by the court in refusing to strike out the plea.

Judge Scott concurring, the judgment will be reversed and the cause remanded.