## SUPREME COURT.

JAIRUS BEST agt. AMOS H. STARKS, impleaded with HENRY
M. WEATHERBY.

Where the defendant denied that the claim in suit was for money received for the
  benefit of the defendant's *co-partnership firm*, but was money borrowed by his
  co-partner for his individual benefit, and that it was never appropriated to the
  use of the firm,

*Held,* that evidence to show that the money borrowed was not in fact used in the
  business of the firm, was properly excluded where the evidence was not sufficient
  to cast any suspicions upon the *bona fides* of the loan being for the firm.    Also
  that evidence to show that on a final settlement of the partnership accounts by
  arbitration, this debt was not mentioned on either side, was properly excluded.
  Also, evidence to show that in the formation of the partnership, the partners ar-
  ranged between themselves to procure what money they should want in their busi-
  ness from a particular source, was properly excluded.    Also, evidence to show that
  no claim was made upon the defendant for the debt for a year and a half after the
  plaintiff knew of the insolvency of the other partner, was properly excluded.

*Held,* also, on the motion for a new trial, that the case belonged to that class of
  cases of conflicting evidence and doubtful facts, in which the verdict of a jury one
  way or the other is practically conclusive, and ought not to be disturbed.

*Columbia Special Term, September,* 1859.

MOTION for a new trial upon a case and affidavits, upon the ground of erroneous rulings of the court. Also, that the verdict is against the weight of evidence. Also, on the ground of newly discovered evidence.

P. W. BISHOP, *for defendant.*
H. N. WRIGHT, *for plaintiff.*

HOGEBOOM, Justice. This suit was originally brought by Jacob L. Best to recover against the defendants (who were a firm under the name of Starks & Weatherby) moneys paid by him, for their benefit, upon a note signed by him as their surety to Aaron Huyck. Best having *pendente lite* assigned the claim to plaintiff, the latter was substituted as the party plaintiff.

Starks defends the suit upon the ground that the money borrowed of Huyck was not borrowed for the firm but for Weatherby, who was a brother-in-law of Best; that it was never appropriated to the use of the firm; that by reason of transactions between Best and Weatherby, in which Best became the debtor of Weatherby, the former *assumed* the Huyck debt and became primarily responsible to pay the same.

These questions were litigated upon the trial, Best and Starks having both been sworn as witnesses, (Weatherby having removed to a western state,) and the result was that the plaintiff recovered by the verdict of a jury the full amount of his claim.

The defendant, among other things, moves for a new trial on the ground of newly discovered evidence. But that motion must be denied. The newly discovered evidence is not of itself very important; tends to establish precisely the same points as were litigated on the trial, and with reasonable diligence might have been discovered before the trial. (*People* agt. *Superior Court of N. Y.,* 5 *Wend.,* 115; *Graham & Waterman on New Trials,* 489.)

Jacob L. Best was examined as a witness on the trial against the defendants' objection—notice of his intended examination having been given while he was a party, but not repeated after the present plaintiff took his place. If a notice were necessary, I think the one originally given was sufficient, and operated through all the subsequent stages of the suit. This objection, therefore, cannot prevail. I do not discover that by the case he was objected to for any other reason; but if it was designed to object to him also as the assignor of the demand, I regard such objection as untenable. (*Alton* agt. *Franklin F. I. Co.*, 9 *How.*, 501; *Seymour* agt. *Peak*, 10 *How.*, 395.)

Best being a competent witness, and not interested in the event of the suit, there seems to be no reason why his wife was not a competent witness. I think she was properly admitted.

The offer to show that the money borrowed was not, in fact, used in the business of Starks & Weatherby, was, I think, properly overruled. The money was borrowed avowedly for the use of the firm by Weatherby. So it was stated to Best and to Huyck. They were merchants, and obtaining money for this purpose was within the legitimate range of their business. I discover no sufficient evidence which would have prevented Huyck from recovering against Starks as well as Weatherby, for the lender is not bound to see to the application of the money unless there be circumstances of suspicion. (*Church* agt. *Sparrow*, 5 *Wend.*, 223; *Whittaker* agt. *Brown*, 16 *Wend.*, 505; *Onondaga Co. Bank* agt. *DePuy*, 17 *Wend.*, 47.) Nor on the whole, upon the evidence of Mr. and Mrs. Best and Huyck, was there sufficient to cast suspicion upon the *bona fides* of the suretyship of Best, as being for the firm instead of Weatherby alone. Hence it was not material nor admissible to show that the money was misapplied, especially as the defendant did not accompany the offer of the evidence with such a claim, nor avow his intention to go to the jury upon that question.

I think, also, the offer to show that on a final settlement of accounts between Starks & Weatherby by arbitration, this debt was not mentioned on either side, was properly overruled. It was a very slight circumstance from which to infer that the loan was for ·the benefit of Weatherby alone. If Weatherby had not paid the debt, as in fact he had not, he had no claim for it as between him and Starks.

The offer to show that upon the formation of the partnership, the partners arranged between themselves to procure what money they should want in their business from a particular source, was also properly overruled. It would have very little weight in a litigation between Starks & Weatherby themselves. It appears to me to be entitled to none when the question is between Starks and a party not pretended to have been cognizant of such an arrangement, and therefore having no reason to suspect, on that account, the *bona fide* character of Weatherby's application as one to borrow money for the use of the firm.

I think, also, on the whole, that there was no error in excluding the evidence that Best became embarrassed in his pecuniary circumstances soon after his payment of this debt to Huyck, and that notwithstanding his knowledge of Weatherby's insolvency, he made no claim for payment against Starks till the commencement of this suit, nearly a year and a half afterwards. Can it be said that this should in law prejudice his claim or throw suspicion upon it? Was the evidence strong enough for that purpose? It seems to me it was of an altogether inconclusive character, which might well be explained upon a different hypothesis from that which should assume the invalidity of the plaintiff's claim. It belongs to that kind of evidence, of which I think there are more instances than is generally supposed, where it cannot be said to be positive error, either to admit or reject the evidence, where its unimportant character, if rightly weighed (and we must assume that the jury will put the

right construction upon it) will not prejudice either of the parties by its admission or its exclusion.

On the whole, I am inclined to think that the present belongs to that class of cases of conflicting evidence and doubtful facts in which the verdict of a jury one way or the other, is practically conclusive and ought not to be disturbed. The parties have had a fair trial and we ought not to set aside the verdict merely because we may suppose that perhaps another jury, equally intelligent and equally honest, might consistently with the evidence reach an opposite conclusion.

The motion for a new trial must be denied with costs.