The opinion of the Court was drawn up by
Appleton, C. J.
The facts in this case are not open to controversy. The only inquiry is whether the ruling of the presiding Judge upon the facts as disclosed was erroneous.
Both parties claim the logs in controversy under bills of sale from the firm of Brown & Lee. The defendants’ title is prior in time and consequently prior in right, unless impeached.
The bill of sale from Brown & Lee to Chase is prima facie to be deemed the act of the firm and binding on them. "When a contract,” remarks Mr. Justice Story, in U. S. Bank v. Binney, 5 Mason, 176, "is made in the name of the firm, it will prima facie bind the firm, unless it is ultra the business of the firm.” The bill of sale must be deemed then as conveying a good title, unless impeached.
The evidence discloses that "on Nov. 2, 1858, Lee of the firm of Brown & Lee, represented to the defendants that he wanted to raise money to pay one Chase, for money he, {Lee,) had had of Chase to pay Brown & Lee’s bills, that Chase wanted to go to California, and he had no other means to raise the money to pay him.” It also appeared from the testimony of Dillingham, given for the defence, that "he, (Dillingham,) had no information that it was Lee’s private debt — that he understood from Lee, that he had borrowed money of Chase to pay the bills of Brown & Lee, and that Chase had loaned the money to Lee.” But this does not impeach the defendants’prima facie title. •
*446 The firm is liable for the false and fraudulent representations of any of its members relative to matters falling within the scope of its business. Lindley on Partnership, 250. Much more, for the representations, which are true. Whether true or not, therefore, the defendants had a right to regard them as true — and so regarding them, to act upon their truth.
Upon the representations of Lee, the defendants advanced their note upon the faith of a bill of sale given by Lee in the name of Brown & Lee, which the plaintiff seeks to avoid, on the ground that it was the private debt of Lee, and not. the debt of the firm, for which the advance was made; The statements of Lee show the money received went to pay the debts of the firm. The defendants understood it was the debt of the firm and not of Lee — which the money raised was to pay. "The firm is liable for goods though they may have been supplied to one only of the partners, and no other person may have been known to the supplier as belonging to the firm.” Lindley on Partnership, 233. "Thus, if the money is in fact borrowed for the partnership business, or it is in fact applied to the partnership business, in the absence of all controlling circumstances, the partnership will be bound therefor; since the fair presumption is, that it was intended by the partner to pledge the partnership credit, and not merely his individual credit, whether the partnership was known to the lender or not.” Story on Partnership, § 139. "The firm is liable, where one of the firm borrows money (not expressly on his individual credit) and it is shown that it was borrowed for and appropriated to the use of the firm.” Church v. Sparrow, 5 Wend., 223; Tucker v. Peaslee, 36 N. H., 167. The language used was sufficient to satisfy the defendants that it was a firm debt for the payment of which, they advanced their note. They are not responsible for the truth of Lee’s statements. As they were made in the course of business, if untrue, the firm must be the sufferer. The finding of the *447 Judge was that the defendants were bona fide purchasers— and that finding is not adverse to the facts as reported, and must conclude the parties. Exceptions overruled.
Cutting, Davis, Kent and Walton, JJ., concurred.