ROXIE M. BLODGETT & another *vs.* JAMES B. WEED & others.
ALBERT PALMER *vs.* SAME.
GEORGE HINMAN *vs.* SAME.

Worcester. Oct. 5. — Dec. 11, 1875. AMES, J., absent.

A partnership is liable to the holder of a promissory note made by one member of the firm, in its name, if the holder has no actual knowledge, suspicion or cause of suspicion of any fraud upon the partnership in the making of the note.

THREE ACTIONS OF CONTRACT. Writs dated October 28, 1873. The first action was by Roxie M. Blodgett and Susan A. Martin against James B. Weed, Frederick M. Weed, John Hill, D. B. Geary and D. W. Fuller, late copartners, doing business under the name of James B. Weed and Company, on the following promissory note, signed "James B. Weed & Co.": "$2600.

Binghamton, N. Y., April 11, 1873.  Six months after date we promise to pay to the order of Roxie M. Blodgett and Susan A. Martin twenty-six hundred dollars, value received, payable at any bank in Boston, Mass."

The second action was by Albert Palmer against the same defendants, on the following promissory note, signed "James B. Weed & Co.": "$3000.  Binghamton, M. Y., April 5, 1873. On demand after date, we promise to pay to the order of John Hill & Co. three thousand dollars, value received, with interest at 10 per cent., payable at No. 3 Tremont St."  This note was indorsed, "Pay to the demand of Albert Palmer, waiving demand and notice.  John Hill & Co."

The third action was by George Hinman against the same defendants, on the following promissory note, signed "James B. Weed & Co.": "$5000.  Boston, January 16, 1873.  On demand, with interest, rate 12 per cent., after date, we promise to pay to the order of John Hill & Co. five thousand dollars, for value received, payable at No. 3 Tremont Row."  This note was indorsed, "Pay to the order of George Hinman, waiving demand and notice.  John Hill & Co."

The cases were tried together in the Superior Court, before *Brigham*, C. J., without a jury, and the following facts were found by him :

On September 1, 1871, the defendants, by a contract in writing, formed a partnership under the name and style of James B. Weed & Co., for the purpose of tanning, manufacturing and selling leather, for the term of five years from that date.  In this contract Hill, Geary and Fuller, as they were copartners doing business at Boston under the name and style of John Hill & Co., constituted the party of the first part, and James B. Weed and Frederick M. Weed, of Binghamton, in the State of New York, constituted the parties of the second and third parts, and the contract was signed, not by John Hill & Co., but by the said Hill, Geary and Fuller, severally.  The 6th article of agreement in said contract provided that "said parties or firm agree to contract no debts or liabilities, except by mutual consent, on account of said firm."  Under the contract, James B. Weed and Frederick M. Weed, under the style of James B. Weed & Co., conducted the business of tanning, manufacturing, and more or less of sell

ing leather, at Binghamton, and John Hill & Co., besides conducting their separate business of manufacturing and selling boots and shoes, at Boston, sold most of the leather tanned and manufactured by Weed at Binghamton, for account and in the interest of James B. Weed & Co., but in the name of John Hill & Co., to whom the leather was consigned, remitting the proceeds of the leather thus sold by them, in cash, to James B. Weed & Co., of Binghamton, or accepting and paying the drafts upon them of James B. Weed & Co., for such proceeds. On frequent occasions, for the purpose of renewing such drafts and acceptances, and to assist James B. Weed & Co. with financial facilities, and also on less frequent occasions for the accommodation of John Hill & Co. in their separate business, the Weeds sent to John Hill & Co. blank forms of promissory notes, signed by said Weeds, with the firm name of James B. Weed & Co., purporting to be made at said Binghamton, sometimes with, and sometimes without, the sum inserted in the blanks; and blanks thus sent to John Hill & Co. were filled, and the promissory notes thus made were negotiated by them, and they rendered an account of the proceeds thereof to James B. Weed & Co., at Binghamton.

In October, 1872, the parties to the contract of partnership had an accounting together, and entered into an agreement, which the judge did not treat as material to the issue on trial, except as indicating that there was an understanding between the parties, that John Hill & Co. should be furnished with no more of the signatures of James B. Weed & Co. to blank or other promissory notes, for negotiation by them in Boston; but immediately after the great fire in Boston, in November 1872, upon the urgent solicitation of John Hill & Co., said Weeds sent to them four at least of such blanks for making promissory notes, signed by said Weeds, with the name of James B. Weed & Co., at Binghamton.

There was no evidence that said James B. Weed or said Frederick M. Weed ever authorized or consented to the making of any promissory notes, or the signing of any promissory notes, by Hill, Geary and Fuller, or John Hill & Co., in or with the name of James B. Weed & Co., or the use of the name of James B. Weed & Co. in their business in Boston; or that said Weed had any knowledge of such a making or signing of any such promissory

notes, until the summer of 1873, after the notes declared on, and others similarly signed, had all been signed and payment of some of them had been demanded of James B. Weed & Co at Binghamton.

The signature, " James B. Weed & Co.," upon the several notes declared on, were all made by the defendant John Hill, and the indorsements of the signatures, " John Hill & Co.," upon the said several notes, were all made by the defendant Daniel W. Fuller. The judge found that the firm of John Hill & Co. was in fact insolvent or in financial embarrassment, but not reputed to be so, when the promissory notes declared on were made ; and that the same were made exclusively for the private and separate uses and business of John Hill & Co., or of Hill, Geary or Fuller, or in transactions conducted by them in the name of James B. Weed & Co., not relating to the sale of leather, tanned and manufactured by James B. Weed & Co., at Binghamton, or to the tanning or manufacture of the same, or to the business for which the partnership was established, and not authorized by the contract of partnership, or consented to or known by said Weeds, or the firm of James B. Weed & Co., as represented by said Weeds. James B. Weed & Co. had no advertised place of business in Boston, nor was there any sign upon John Hill & Co.'s place of business indicating that the business of James B. Weed & Co. in Boston was there transacted, but the fact that Hill, Geary and Fuller were members of the firm of James B. Weed & Co. was more or less known in Boston by means of their transactions.

The plaintiffs, Roxie M. Blodgett, and her sister, Susan A. Martin, paid the sum of $2600 in consideration of the note declared on by them, after a deduction of six months' interest on that sum at the rate of ten per cent. per annum, and this sum was thus paid by them, by the advice and procurement of Caleb Blodgett, husband of Roxie M. Blodgett, to whom the defendant, Fuller, applied for a loan of that sum, alleging that he acted on behalf of the firm of James B. Weed & Co., in which firm he had previously told Caleb Blodgett that he, Hill and Geary were partners with said Weeds, and said Blodgett knew of his having acted as a member of the firm previously. The judge found that the plaintiffs, Roxie M. Blodgett and Susan A. Martin, and their agent, said Caleb Blodgett, in the matter of lending said $2600

and taking the promissory note declared on for that sum in consideration of said loan, acted in good faith, understanding that they were dealing with the firm of James B. Weed & Co., through a member of that firm, and that neither of them had any actual knowledge, suspicion or cause of suspicion of any fraud affecting James B. Weed & Co., on the part of Fuller, or of John Hill & Co., in procuring the loan or in making the note; or that the money thus loaned was not borrowed and received by James B. Weed & Co., and the note declared on in legal effect not made by them; or of any purpose of Fuller, or of John Hill & Co., to borrow said money and make said note for their private uses; or that neither Fuller or John Hill & Co. were authorized, as partners in the firm of James B. Weed & Co., to make the note.

The plaintiffs, Albert Palmer and George Hinman, lent, severally, the sums of $3000 and $5000, and received in consideration thereof the promissory notes declared on by them; and in the matter of making these loans and taking these notes, they had no personal negotiations with either of the defendants; but were induced to make the loans and take the notes by Halsey J. Boardman, an attorney at law, and partner of said Caleb Blodgett, who, upon the solicitation of the defendant Fuller, that Boardman would procure a loan to the firm of James B. Weed & Co., having previously told him that he, Hill and Geary were members of said firm, and he having known them to so act, negotiated with the plaintiffs, Palmer and Hinman, the loans aforesaid, and indorsed and delivered to them the notes declared on. The judge found that Palmer, Hinman and said Halsey J. Boardman, in the matter of the lending of said sums of $3000 and $5000, and taking of said promissory notes declared on, for those sums in consideration of said loans, acted in good faith, understanding that they were dealing with the firm of James B. Weed & Co., through a member of that firm, and that they had neither of them any actual knowledge, suspicion or cause of suspicion of any fraud affecting said James B. Weed & Co., on the part of defendant Fuller or of John Hill & Co., in procuring the loans, or in making the notes; or, that the money thus lent was not borrowed and received by James B. Weed & Co., and the notes declared on and held by Palmer and Hinman, not in legal effect, made by James B. Weed & Co.; or of any purpose of Fuller, or of John Hill &

Co., to borrow the sums of $3000 and $5000, and make the said notes therefor, for their private uses, or that neither Fuller or John Hill & Co. were authorized as partners in the firm of James B. Weed & Co., to make said promissory notes.

Upon the foregoing facts, the judge ruled that the several plaintiffs were entitled to recover, and ordered judgment for them ; and the defendants alleged exceptions.

*H. B. Staples*, for the defendants.

*B. Dean*, for the plaintiffs.

COLT, J. The several notes of the firm of Weed & Co., signed by one of its members, were given to the several plaintiffs for money lent. It is found as a fact that the plaintiffs understood that they were dealing with the firm through a member of it, and had no actual knowledge, suspicion or cause of suspicion of any fraud practised upon the partnership in the transaction by any member of it ; or that the money was not borrowed by the firm and the notes in suit not given by its authority ; or that there was any purpose on the part of any member or members of the firm to obtain the money for private use.

Upon the facts thus found by the judge, the plaintiffs are entitled to maintain their several actions. The cases fall within well settled principles governing the liability of copartners, and the findings of the judge were fully justified by all the evidence. *Warren* v. *French*, 6 Allen, 317. *Hayward* v. *French*, 12 Gray, 453.

There is nothing in the form of the notes, in the rate of interest reserved, or the time when payable, which alone can be held to affect the plaintiffs with constructive notice of fraud. And the findings of the court negative the existence of all notice, actual or constructive, all suspicion or cause of suspicion.

*Exceptions overruled.*