The opinion of the court was delivered by
Horton, C. J.:
I. The first error complained of is, the action of the court in permitting defendant in error (plaintiff below) to read in evidence the notes set forth in the petition. It is urged that as the execution of the notes was denied under oath, no proper foundation was laid for their introduction in evidence. This complaint is not good, because, prior to the offer of the notes to the jury, evidence had been introduced to the effect that John Deitz and F. W. Regnier formed a partnership about December, 1878, for the purpose of carrying on the business of manufacturing and selling soap, at St. Joseph, Missouri, which continued until the 3d of November, 1879; that the note of April 5th, 1879, for $600, was given to raise money to repay Charles N. Regnier the like amount handed to John Deitz on the 31st of January, 1879, for the firm of Deitz & Regnier, to be used in their.partnership business; that the note of August 18,1879, for $1,000, was given to Brown & Bier for their check of $1,000, payable to the order of Deitz & Regnier; that F. W. Regnier, of the firm of Deitz & Regnier, signed the firm-name of Deitz & Regnier to each note at its respective date; and that Charles N. Regnier signed his name to each note as surety for the firm. Thus the actual execution of the notes by a member of the firm of Deitz & Regnier, and by Charles N. Regnier as surety, was proved before they went to the jury. In addition to this, it was shown that Deitz attended to the matters in the soap factory, occasionally taking a trip away from St. Joseph to sell the manufactured goods of the firm, but that the business of the partnership about the office and pertaining to the books and accounts of the firm was left *105 by Deitz to his partner, E. W. Regnier. Under this evidence the money was borrowed within the apparent scope of the partnership business, a general partner thereof executing the notes of ^the firm, and Charles N. Regnier signing as surety for the firm. It is well settled, that a general partner in a trading business may borrow money for the benefit of the firm and execute notes or drafts therefor, unless restrained by the articles of copartnership, of which the lender has notice. (Hedley v. Brainsbridge, 3 Q. B. [Ad. & E., N. S.] 316; Kirk v. Blurton, 9 M. & W. 284; 1 Chitty on Contracts, 11th ed., p. 345; Faler v. Jordan, 44 Miss. 283; Hickman v. Kunkle, 27 Mo. 401; Zuel v. Bowen, 78 Ill. 234.) So where money is borrowed by the partner of a trading firm in the name of the firm, and a note is executed therefor, such note is prima faeie the obligation of the partnership; and if the other partner seeks to avoid its payment, the burden of proof lies upon him to show that the note was given in a matter not relating to the partnership business, and that also with the knowledge of the holder of the note. (Whitaker v. Brown, 16 Wend. 505.) It is also the law that where a third person becomes surety upon the notes of a trading firm at the instance of one of the copartners, he has a right to presume that the money obtained upon, the notes is for the benefit o'f the firm, unless there is something to create a suspicion in his mind that the money is not borrowed for the firm, and that the borrower is committing a fraud upon his copartner. And where such surety upon default by the firm pays the money thus borrowed upon the notes of the firm, if the other partner seeks to avoid the payment thereof the burden of proof lies upon him to show, not only that the money was not applied to the use of the firm, but also that the surety on the notes had reason to believe it was not intended to be so applied at the time the money was so borrowed and his signature obtained upon the notes. (Bond v. Gibson, 1 Camp. 185; Jaques v. Marquand, 6 Cow. 497; Blodgett v. Weed, 119 Mass. 215.) The partnership of Deitz & Regnier was formed for the purpose of manufacturing and *106 selling soap, and within the authorities such a partnership is a trading partnership, one of the incidents of which is the right to borrow money for the purposes of the business; and any member of it may bind his copartner by making or indorsing a promissory note in the name and on behalf of the firm. (Winship v. Bank, 5 Pet. 529; Smith v. Collins, 115 Mass. 388; Tappin v. Bailey, 4 Metc. 529; Etheridge v. Binney, 9 Pick. 272; Blodgett v. Weed, supra.) If the firm of Deitz & Regnier had been merely a .partnership in occupation or employment, like partners in the practice of law or medicine, some of the propositions submitted by counsel for plaintiff in error upon the point here commented upon would have force, because a non-trading partnership is controlled by rules different from those which control a commercial or trading one. Considering the character of the partnership in question, the notes were properly received and read to the jury.
II. Objection is also taken to the introduction in evidence of a letter of January 31,1879, written by F. W. Regnier to Charles N. Regnier, and handed to the latter by John Deitz. It is urged that Deitz was not bound by the contents of the letter, as he neither read it nor was apprised by any one of what it contained. The purport of the letter was, that the firm was in a terrible pinch, and needed at once f600 to pay current accounts past due. The money therein applied for was handed to Deitz at the time he presented the letter. Waiving all question of Deitz’s connection with this letter, and the receipt of the money by him on its presentation, the letter was competent, because it is a general principle relating to partnerships, that each partner is the lawful agent of the partnership in all matters within the scope of the business; and the declarations, of F. W. Regnier during the partnership, whether oral or in writing, made in procuring loans for the firm, were clearly admissible.. (Kaskaskia Bridge Co. v. Shannon, 1 Gilm. [Ill.] 15, 25; Kady v. Kyle, 47 Mo. 346; Iron Mountain Co. v. Evans, 27 Mo. 552; 1 Gr. Ev., 13th ed., 217, 218; Fales v. Jordan, 44 Miss. 283; Irby v. Brig *107 ham, 9 Humph. 750; Wilkins v. Pearce, 5 Denio, 541; Beck v. Martin, 2 McMullan, 260; Edwards v. Tracy, 62 Pa. St. 374; Smith v. Collins, supra.)
III. Upon the trial, Charles N. Regnier offered the evidence of John Calhoun and W. S. Johnson by’ depositions. The former is a member of the banking firm of Schuster, Hax & Co., and the latter is the book-keeper of the banking firm. For the purpose of showing that the money borrowed from Brown & Bier went into the business of Deitz & Regnier, a copy of the account of Deitz & Regnier with the banking house of Schuster, Hax & Co. was referred to and attached to the depositions, and received by the court in evidence. This was objected to, on the ground that the copy was not the best evidence. Was this error? We think not. The books of the banking house of Schuster, Hax & Co. were in the state of Missouri, out of the jurisdiction of the court. Their production could not be compelled in the courts of this state; and as the books were not in ‘the custody of the party offering the account in evidence, but in the hands of a firm in another state, not subject to the call or control of the party needing them here, a copy thereof was admissible. In Shepard v. Giddings, 22 Conn. 282, the custodian resided in a foreign state, and refused to deliver the written instrument sought to be proved, but attached a copy to his deposition. The copy was held to be admissible, as this was the best evidence it was in the power of the party to produce. Under the circumstances of this case, the account read in evidence was the best evidence in the power of the defendant in error (plaintiff below) to produce to establish the fact sought to be proved. (Shaw v. Mason, 10 Kas. 184, and cases cited.)
IV. .One Seneca Heath was permitted to testify to the statements made by Deitz in his presence. This was objected to, as the statements were made while his deposition was being taken, and reduced to writing in the form of a deposition. The declarations of a party to the record are, as against such party, admissible in evidence; and the fact that in this case *108 they were embodied in a deposition would not prevent the statements being testified to before the jury. Of course if the statements had not been made in the presence of Heath, he would not have been a competent witness. The evidence therefore was receivable, on the ground that the statements were admissions or declarations of Deitz.
V. When the case was called for trial, Deitz presented his affidavit for a continuance on account of the absence of F. W. Regnier. Thereupon, the adverse party consented that the facts alleged in the affidavit should be read and treated as the deposition of the absent witness. Defendant Deitz, among other instructions, asked the court to give the following one:
“The jury are instructed that the affidavit for a continuance on account of the absence of F. W. Regnier must be.received and considered by the jury as the deposition of F. W. Regnier, and the same is entitled to the same weight as the deposition of the said F. W. Regnier, containing the same statements.”
This instruction was refused, and exception noted thereto. While it is true that the affidavit presented was entitled to be treated as the deposition of the absent witness, we do not perceive any particular reason in this case for the instruction prayed for. The affidavit was admitted by the plaintiff to be read as a deposition of F. W. Regnier, and the record shows that the defendant offered the evidence of F. W. Regnier by deposition, and for all purposes it was before the jury with the same force as the depositions'of John Calhoun and W. S. Johnson. It was not read to the jury as an affidavit, but was read and treated as a deposition of F. W. Regnier; therefore there was no more reason for calling special attention by the court to the evidence of F. W. Regnier submitted to the jury by the way of deposition, than there was to call special attention to the evidence of Calhoun and Johnson. If counsel of Charles N. Regnier had made any improper or unfair reference to the evidence of F. W. Regnier, on the ground that it was presented by affidavit, then it would have been prudent for the trial court to have corrected counsel, and to have given some direction to the jury like that prayed for. The neces *109 sity for such action, however, is not apparent from the record before us. ' There was no error in the refusal to give the instruction.
VI. Several exceptions were taken to the refusal of the court to give instructions asked for by plaintiff in error. After an examination of the instructions refused, together with the charge of the court, we think these exceptions and the objections to the charge not tenable, as the direction of the judge to the jury embraced all the points of law arising upon the evidence, and were sufficiently favorable to the plaintiff in error. The court fully and clearly declared the well-settled principles of law as to the liability of copartners. We need not repeat these instructions, as they are set out at length in the statement of the case, and it is sufficient to say that so far as this case is concerned they meet our approval.
VII. Various other matters are submitted for our consideration, but the points decided fully cover all the material questions, and it is useless to refer in detail to the minor alleged errors.
VIII. We take occasion, however, in this opinion to commend the action of the district judge in the course he adopted in giving the instructions to the jury. The plaintiff asked three instructions, the defendant asked twenty-two. The court took all these instructions and prepared a general charge to the jury, embracing all the matters of law arising upon the pleadings and the evidence, and embodying in such charge the matters of law contained in the special instructions so far as they were applicable to the case. In this way, the law was sufficiently declared and clearly presented to the jury without the unnecessary repetition and verbose language which so often mar special instructions, whereby jurors are confused and confounded, rather than instructed and directed. ■ Of course such action requires great labor, thought and prudence on the part of the trial judge, in order that the substance of all special instructions shall be given to the jury when the questions therein presented are pertinent to the case, and that no omission shall occur by which either of the *110 parties shall be prejudiced. But if the law is fully declared to the jury by the court in a general charge, and such charge embraces all the points of law arising in the case, the court is not bound to repeat its charge in the form of special instructions, or to give the special instructions in the exact language asked for.
Perhaps it is not often that the judge has the time during the progress of a trial to prepare a charge embracing in his own language all the special instructions asked for and applicable to a case, but we are very sure where this can be done, if the trial judge is willing to undertake the additional labor, that the jury, as a rule, will be better informed of their duty than by hearing read the special instructions asked for on the part of the plaintiff and of the defendant, which instructions are frequently so disconnected, and sometimes so conflicting, as to render it extremely difficult for the jury to harmonize them, or to understand their purport.
The judgment of the district court'will be affirmed.
All the Justices concurring.