## New York Marine Court.

*Trial Term—November,* 1882.

## SCHLESINGER v. MALLOY.

**Motion for new trial on the ground that the verdict is against the weight of evidence.**—The fact that the verdict arrived at by the jury differs from that which the trial judge would have directed if he had the power to do so, does not entitle the defeated party to a new trial.

Schlesinger *v.* Malloy.

McADAM, J.—This case was submitted to the jury on conflicting evidence, and they found for the defendant. While the evidence given preponderated in favor of the plaintiff to such an extent, that, had I been at liberty to substitute my judgment for that of the jury, I would have felt obliged to direct a verdict for the plaintiff, yet the circumstance that the jury took a different view of the evidence, and decided the question of credibility in their own way, does not necessarily make their verdict erroneous. The policy of our law tends to make the jury the sole arbiters of conflicting evidence (*Proffatt* on *Jury Trial*, §§ 367, 368 ; Best *v.* Starks, 24 *How. Pr.* 58), and hence their verdict ought, as a rule, to be accepted as conclusively establishing the disputed questions they are called upon to decide. The jury have settled the facts in this case adversely to the plaintiff. This is the second trial of the action. Upon the first trial, the jury disagreed, and upon the present trial the defendant succeeded in inducing the jury to believe his theory of the case. I am aware of the facility with which new trials are granted, but must nevertheless deny the present motion, because I can find no logical or practical reason for a rule of practice which prevents the trial judge (in cases of conflicting evidence) from directing the verdict his legal judgment suggests, and which at the same time requires (or even permits) him to grant a new a trial, on the sole ground that the verdict the jury ultimately render differs from that which he would have ordered if he had been allowed to give the proper direction in the first instance. Calling the rule a supervisory power neither alters its effect nor changes its incongruity.

Motion for a new trial denied, but without costs.