### HARFORD TOLAND ET AL. v. ADAM LUTZ ET AL.

1. ACT OF A CO-PARTNER NOT WITHIN THE SCOPE OF THE PARTNERSHIP IS NOT BINDING UPON SUCH CO-PARTNERS.

Where a member of a non-commercial partnership, formed for the prosecution of a single enterprise, without the assent of his co-partners, does an act which is not within the scope of the partnership business, such act is not binding upon such co-partners.

2. DUTY OF PARTY DEALING WITH A MEMBER OF A PARTNERSHIP.

Where a party deals with a member of such firm, who professes to act in its behalf, he is bound, at his peril, to inform himself as to the real scope of the partnership.

ERROR to the Court of Common Pleas of Franklin county.

Suit was brought in the court below by Adam Lutz and Wm. McCarty, partners doing business under the firm-name Lutz & McCarty, against John G. Mitchell, Harford Toland and George D. Chapman, partners, etc., as Mitchell, Toland & Co., to recover the sum of $162.71, and interest, alleged in the amended petition to be due them upon a promissory note executed by said firm of Mitchell, Toland & Co

Said Mitchell and Toland filed an answer denying that " they, with their co-partner, Geo. D. Chapman, executed in their partnership name and delivered to the plaintiffs their partnership note, as alleged, or that they are indebted in any sum to the plaintiffs." For a second defense they aver " that said note was not made and delivered in the regular business of the firm, nor for the payment of its liabilities; but that it was made and delivered without the knowledge or authority of the answering defendants by their co-partner, Chapman, in his own business, in payment of his private indebtedness to the payee, who had notice thereof."

Upon the trial a jury was waived and the cause submitted to the court upon the pleadings, the note aforesaid, and an agreed statement of facts, which is as follows:

"The note sued upon was executed at its date by Chapman at the office of the Scioto Valley Railroad Co., in the city of Columbus, in the firm name of Mitchell, Toland & Co., and delivered by him to the plaintiffs. J. G. Mitchell and Harford Toland were, at that time, co-partners with Chapman under the firm-name of Mitchell, Toland & Co. Said Chapman was the partner most actively engaged in the management of the partnership business. Said partnership was formed and continued in existence for the purpose of building that part of the Scioto Valley Railway between Chillicothe and Portsmouth and for no other purpose. But plaintiffs had no knowledge whether there was, or was not, such a limitation of the scope of the business of said partnership.

"A branch road to run from Ashville, a point on the Scioto Valley Railway between Columbus and Circleville, to Murray City in Perry county, was planned by Chapman and others, and a company was incorporated, under the name of the Columbus, Scioto and Hocking Valley Railway Company, to build and operate such branch road.

"The firm of Mitchell, Toland & Co. had nothing to do with said branch road, and no connection or business relation with the company formed to build it.

"The note sued on was given to the plaintiffs for an indebtedness incurred to the plaintiffs, at Logan, Ohio, a point not on the Scioto Valley Railway, in connection with said proposed branch road, for some expense incurred in the

laying out of the line of that road, and without the knowledge or consent of Mitchell and Toland, or either of them.

"The plaintiffs believed upon the representation of said Chapman that he was acting for the firm of Mitchell, Toland & Co., with full authority, and had no actual knowledge whether the business of said firm did or did not include the building of said branch road."

The trial court found in favor of the plaintiffs, and rendered judgment accordingly. A motion for a new trial being overruled, the plaintiffs in error took a bill of exceptions, embodying the foregoing statement of facts; and this proceeding is prosecuted to obtain a reversal of said judgment, the errors assigned being:

(1.) That the court erred in overruling the motion for a new trial;

(2.) That the court erred in finding the law of the case to be with the defendants;

(3.) That the court erred in finding that plaintiffs in error, are indebted to defendants in error; and,

(4.) That the court erred in rendering judgment in favor of defendants in error.

SHEARER, J.

The question presented in the record is whether, under the facts set forth in the agreed statement, the defendants in error have a legal right to recover upon the promissory note sued on.

If the partnership existing between Mitchell, Toland and Chapman was general and the transaction out of which the note arose was within the scope of the partnership business, and the payees had no notice, express or implied, that the paper was not given for a partnership liability, they are entitled to recover.

If, on the other hand; the partnership was not such as is ordinarily denominated a commercial partnership, but was limited to a certain specified transaction and to some definite duration, then defendants in error cannot recover, unless it is shown that the transaction related to the firm business, or was assented to or ratified by Chapman's co-partners.

From the agreed statement of facts it appears that the firm of Mitchell, Toland & Co. was formed and continued, not for the transaction of the general business of railroad building, as contended by counsel for defendants in error, but for the prosecution of a single enterprise: the construction of a part of the Scioto Valley Railway between Chillicothe and Portsmouth. During the progress of this work, Chapman with others, not named, organized an incorporated company for the construction of a railroad from a point on the first named road to a village in Perry county, Ohio. The note sued on was given by Chapman, in the name of said firm, to defendants in error in settlement for expenses incurred in laying out said branch road, his co-partners, however having no knowledge thereof, nor had they authorized such use of the partnership name.

It further appears that the defendants in error had no knowledge of any limitation upon the scope of the partnership business, nor had they actual knowledge whether Chapman's co-partners had any connection with said branch road or the company engaged in its construction; but upon Chapman's representations they supposed that in giving said note he was acting authoritatively on behalf of said firm.

Upon the facts so admitted, was the court below warranted in rendering judgment in favor of defendants in error? We think not.

The co-partnership between Chapman, Mitchell and Toland was not a general commercial partnership—and, therefore, not governed by the rules applicable to firms of that character. On the contrary it was a non-commercial association, such as Lord Mansfield denominates a *special* partnership—organized for the carrying on of a specific enterprise, and that only.

In such case it is incumbent upon the party seeking to hold the partnership to show *affirmatively* that the partner dealt with had power to contract for his co-partners. This the defendants failed to do.

In Judge v. Brasswell, 13 Bush., 67, the court say: "One who seeks to hold a non-commercial partnership, such as a mining firm, liable upon a contract made by one member only, on behalf of the firm, must show affirmatively that such partner had power to contract for his associates. Such power is implied by law in the case of commercial partnerships only; with respect to non-commercial firms it is a question of fact depending on the articles, course of business and other circumstances shown in each case."

Of the same import is the case of Toof v. Duncan, 45 Miss., 48, where it is held that "a contract of partnership, in an adventure limited to certain specified transactions, and to some definite duration, does not give to the partners such powers to bind the firm as is possessed in cases of permanent and general mercantile transactions."

Gray v. Ward, 18 Ill., 32, is authority to the effect that one member of a firm of *contractors*, or a person engaged in any other than a commercial partnership, is not *prima facie* invested with authority to pledge the credit of the firm for a loan of money unless he is clothed with actual authority, or a general custom is established for persons engaged as partners in the particular business, to borrow money upon the credit of the firm, or unless one member of the firm has, with the knowledge of his co-partners, been in the habit of borrowing money upon the credit of the firm.

The same principle is recognized in 15 Johns, 409; 5 Wend., 223; 17 Wend., 47. If Chapman had no power to bind the firm for a loan of money for its benefit, certainly he could not pledge its credit for the benefit of himself or a third party. And even were this firm a general commercial partnership, the payees of the note in controversy were bound *to know* whether it was within the scope of Chapman's apparent authority, and if in excess thereof, the firm cannot be held. 1 Colyer Part, 651; Zuel v. Bowen, 78 Ill., 284; Blodgett v. Weed, 119 Mass., 215.

Again, it is laid down by Lindley in his work on Partnership, star pages 236 237, that if an act is done by one partner on behalf of the firm, and it was necessary for carrying on the business of the firm in the ordinary way, the firm will *prima facie* be liable, although in point of fact the act was not authorized by the partners. If the act alone was not necessary for carrying on the firm business in the ordinary way, the firm will be *prima facie* not liable.

Apply the rule to the case at bar. Was the giving of this note necessary for carrying on the business of the firm? We think the question must be answered in the negative.

The business of the firm was to *build* a certain part of a certain railroad. The note was given for the expense of *laying out* a railroad.

It is a matter of common knowledge, that contractors for building a part of a railway, have nothing to do with laying out the road. Ordinarily this is done by the company, or owner, and the building contractor conforms his work to the route and grade laid out and established. In other words, the laying out of a railway is not within the *scope of the business* of the builder of the line. The record does not show that laying out railroads constituted any part of the business of the firm of Mitchell, Toland & Co., and the giving of the note in the firm-name by Chapman, was not an act within the scope of the partnership business, and not having been authorized or ratified by the co-partners, it is not binding upon them. We have examined the authorities cited by counsel for defendants in error but do not think them applicable.

The judgment of the court of common pleas will be reversed as to Mitchell and Toland, at defendants' costs, without penalty, and this court upon the facts admitted, proceeding to render the judgment which the court below ought to have rendered, adjudges that said defendants in error recover of said Chapman

the amount due upon said note, with costs, and that said Mitchell and Toland go hence without day and recover their costs.

Cause remanded for execution.

R. H. Platt, for plaintiff in error.

F. F. D. Alberry, for defendants in error,

---

459                                      ERROR.

[Stark Circuit Court, September Term, 1887.]

Jenner, Albaugh and Beer; JJ.

(Judge Beer, of the Third Circuit, taking the place of Judge Follett.)