Shearer, J.
The question presented in the record is whether, under the facts set forth in the agreed statement, the defendants in error have a legal right to recover upon the promissory note sued on. '
If the partnership existing between Mitchell, Toland and Chapman was general, and the transaction out of which the note arose was within the scope of the partnership business, and the payees had no notice, express or implied, that the paper was not given for a partnership liability, they are entitled to recover.
If, on the other hand, the partnership was not such as is ordinarily denominated a commercial partnership, but was *456 limited to a certain specified transaction and to some definite duration, then defendants in error cannot recover, unless it is shown that the transaction related to the firm business, or was assented to or ratified by Chapman’s co-partners.
From the agreed statement of facts it appears that the firm of Mitchell, Toland & Co. was formed and continued, not for the transaction of the general business of railroad building, as contended by counsel for defendants in error, but for the prosecution of a single enterprise : the construction of a part of the Scioto Valley Railway between Chillicothe and Portsmouth. During the progress of this work, Chapman with others, not named, organized an incorporated company for the construction of a railroad from a point on the first named road to a village in Perry county, Ohio. The note sued on was given by Chapman, in the name of said firm, to defendants in error in settlement for expenses incurred in laying out said branch road, his co-part'ners, however, having no knowledge thereof, nor had they authorized such use of the partnership name.
It further appears that the defendants in error had- no knowledge of any limitation upon the scope of the partnership business, nor had they actual knowledge whether Chapman’s co-partners had any connection with said branch road or the company engaged in its construction; but upon Chapman’s representations they supposed that in giving said note he was acting authoritatively on behalf of said firm.
Upon the facts so admitted, was the court below warranted in rendering judgment in favor of defendants in error?. We think not.
The co-partnership between Chapman, Mitchell and Toland was not a general commercial partnership — and, therefore, not governed by the rules applicable to firms of that character. On the contrary it was a non-commercial association, such as Lord Mansfield denominates a special partnership — organized for the carrying on of a specific enterprise, and that only.
In such case it is incumbent upon the party seeking to hold the partnership to show affirmatively that the partner dealt with had power to contract for his co-partners. This the defendants failed to do.
*457 In Judge v. Brasswell, 13 Bush. 67, the court say: “One who seeks to hold a non-commercial partnership, such as a mining firm, liable upon a contract made by one member only, on behalf of the firm, must show affirmatively that such partner had power to contract for his associates. Such power is implied by law in the case of commercial partnerships only; with respect to non-commercial firms it is a question of fact depending on the articles, course of business and other circumstances shown in each case.”
Of the same import is the case of Toof v. Duncan, 45 Miss. 48, where it is held that “ a contract of partnership, in an adventure limited to certain specified transactions, and.to some definite duration, does not give to the partners such powers to bind the firm as is possessed in cases of permanent and general mercantile transactions.”
Gray v. Ward, 18 Ill. 32, is authority to the effect that one member of a firm of contractors, or a' person engaged in any other than a commercial partnership, is not prima facie invested with authority to pledge the credit of the firm for a loan of money unless he is clothed with actual authority, or a general custom is established for persons engaged as partners in the particular business, to borrow money upon the credit of the firm, or unless one member of the firm has, with the knowledge of his co-partners, been in the habit of borrowing money upon the credit of the firm.
The same principle is recognized in 15 Johns. 409; 5 Wend. 223; 17 Wend. 47.
If Chapman had no power to bind the firm for a loan of money for its benefit, certainly he could not pledge its credit for the benefit of himself or a third party. And even were this firm a general commercial partnership, the payees of the note in controversy were bound to know whether it was within the scope of Chapman’s apparent authority, and if in excess thereof, the firm cannot be held. 1 Colyer Part. 651: Zuel v. Bowen, 78 Ill. 284: Blodgett v. Weed, 119 Mass. 215.
Again, it is laid down by Lindley in his work on Partnership, star pages 236, 237, that if an act is done by one partner on behalf of the firm, and it was necessary for carrying on *458 the business of the firm in the ordinary way, the firm will prima facie be' liable, although in point of fact the act was not authorized by the partners. If the act alone was not necessary for carrying on the firm business in the ordinary way, the firm will be prima facie not liable.
R. H. Plait, for plaintiff in error.
F. F. D. Alberry, for defendants in error.
Apply the rule to the case at bar. Was the giving of this note necessary for Carrying on the business of the firm? We think the question must be answered in the negative.
The business of the firm was to build a certain part of a certain railroad. The note was given for the expense of laying out a railroad.
It is a;matterof common knowledge, that contractors for building a part of a railway, have nothing to do with laying out the road. Ordinarily this is done by the company, or owner, and the building contractor conforms his work to the route and grade laid out and established. In other words, the laying out of a railway is not within the scope of the business of the builder of the line. The record does not show that laying out railroads constituted any part of the business of the firm of Mitchell, Toland & Co., and the giving of the note in the firm-name, by Chapman, was not an act within the scope of the partnership business, and not having been authorized or ratified by the co-partners, it is not binding upon them. We have examined the authorities cited by counsel for defendants in error, but do not think them applicable.
The judgment of the court of common pleas will be reversed as to Mitchell and Toland, at defendants’ costs, without penalty, and this court, upon the facts admitted, proceeding to render the judgment which the court below ought to have rendered, adjudges that said defendants in error recover of said Chapman the amount due upon said note, with costs, and that said Mitchell and Toland go hence without day and recover their costs.
Cause remanded for execution.