KEMEYS and SAMPSON *vs.* RICHARDS and others.

Where a promissory note belonging to a partnership, is transferred or paid over by an individual member thereof, in satisfaction of his own private debt, it is incumbent on the plaintiffs, in a suit brought upon such note, to show the assent of the other partner, in order to bind *him*.

And such knowledge and assent must be clearly shown, and not left to be inferred from vague and slight circumstances.

The question of assent is a question of fact, peculiarly within the province of a referee, with which the court ought not to interfere, if it be merely doubtful whether he was correct in his conclusion on that matter, or not.

The report of a referee may be sustained, although he improperly admits some testimony, if, on rejecting that, enough remains to sustain his report.

THIS was an appeal, by the plaintiffs, from a judgment rendered in favor of the defendants, Charles J. Richards, James A. Fleury and Henry B. Richards, on the report of a referee.

The action was commenced by the plaintiffs, William Kemeys and George G. Sampson, against the defendants above named, and Robert P. Lee, jun. as makers and indorsers of a promissory note, made by Richards (*Charles J.*) & Fleury, payable to their own order, for $1093,70, six months after date, for value received, and indorsed by *Richards & Fleury* to *Lee & Richards ;* and which was indorsed by Lee & Richards, (*Henry B.*) as the plaintiffs alledged, to them, and they claimed to be the legal owners and holders of the note. The defendants Charles J. Richards and James A. Fleury, put in an answer denying that the plaintiffs were the legal owners and holders of the note, and denying that Lee & Richards indorsed it to them. They alledged that the note was transferred to the plaintiffs, in payment of a private or individual debt of Robert P. Lee jun., without the

knowledge or consent of Henry B. Richards, and that the plaintiffs had knowledge of the facts. They further alledged that the note was the property of Lee & Richards, or of Henry B. Richards, and that they, Richards & Fleury, had a legal set-off against the amount due on the note, and that Lee & Richards were indebted to them in a sum equal in amount to that due on the note. And they further alledged that they had notice from Henry B. Richards not to pay the note. Henry B. Richards answered separately, making the same answer, in substance, as Richards & Fleury ; and alledging the note to have belonged to Lee & Richards, and afterwards to himself, and that it was then his property. Robert P. Lee, jun. made no answer.

The plaintiffs replied to the answer of Henry B. Richards, and denied the matters of defense set up in his answer ; and they alledged that the note was charged, in the books of the firm of Lee & Richards, to the private account of Robert P. Lee, jun. by Henry B. Richards, or with his approbation or consent. They also replied to the answer of Charles J. Richards and James A. Fleury, and denied the matters of defense therein set up. They alledged that the note was charged in the books of Lee & Richards to the private account of Robert P. Lee, jun. by Henry B. Richards, or with his approbation or consent. They also alledged that Richards & Fleury had recognized the plaintiffs as the legal holders of the note, and had treated it as a valid note in the hands of the plaintiffs. They alledged ignorance as to claims of Richards & Fleury against Lee & Richards. The cause was by consent of both parties referred to a sole referee ; who after hearing the witnesses of both parties, reported in favor of the defendants, Richards & Fleury and Henry B. Richards.

*J. Cochran,* for the plaintiffs.

*E. H. Nichols,* for the defendants.

*By the Court,* MITCHELL, J. The action is on a note, dated 27th May, 1848, at six months, for $1093,70, drawn by Richards & Fleury to their own order, and indorsed by them, and by

the firm of Lee & Richards, consisting of Robert P. Lee, jr. and Henry B. Richards. The answer of H. B. Richards alledges that the note was indorsed by Lee, and by him delivered to the plaintiffs, in payment of his private debt, and without the knowledge or consent of Richards; and that the plaintiffs had full knowledge of these facts. The plaintiffs, in their reply, deny none of these allegations, except the one that the indorsement was made without the consent of Richards : that, therefore, was alone at issue ; and the pleadings admitted that the note was transferred to the plaintiffs for the private debt of Lee, and that this was known to the plaintiffs. According to the decisions in our courts, (whatever the law may be in England,) it was then incumbent on the plaintiffs to show the assent of Richards, in order to bind him. ( *Wilson* v. *Williams*, 14 *Wend.* 156. *Gansevoort* v. *Williams*, *Id.* 133 *to* 138.) This knowledge and assent must be clearly shown, and not left to be inferred from vague and slight circumstances. (*Everingham* v. *Ensworth*, 7 *Wend.* 328. *Rogers* v. *Batcheler*, 12 *Peters*, 229.) But it was affirmatively proved that the note was given to the plaintiffs in payment of a debt of Lee alone, contracted before he became a partner of Richards.

Whether Richards assented, was a question of fact, peculiarly within the province of the referee, and with which we ought not to interfere, if it were merely doubtful, whether he was correct in his conclusion on that matter, or not. But, in fact, there is no evidence of his assent. The proof to sustain the assent, was an entry made in the partnership books, by Lee alone, in September, 1848, four months after the note was dated; in which he charged himself with the note. But Richards was away from the city, when that entry was made ; and when he first saw it, said that Lee had no right to use the note for that purpose : this was not until about the 10th of October, 1848 : and he also said, that that entry ought not to be there. This disproved his assent.

Exception was taken to some testimony admitted by the referee ; but it is immaterial, and may be rejected. The report of a referee may be sustained, although he improperly admits some

testimony, if, on rejecting that, enough remains to sustain his report.

The report must be confirmed, with costs.