C. SCHWANCK, PLAINTIFF IN ERROR, v. GEORGE DAVIS, DEFENDANT IN ERROR.

**Partnership:** NOTE: CHATTEL MORTGAGE. Where a promissory note was executed in the firm name by one of the partners, and a chattel mortgage to secure said note was also executed in the firm name by the same partner, the presumption is that the instruments were executed on behalf of the firm.

ERROR to the district court for Madison county. Tried below before NORRIS, J.

*Allen & Robinson,* for plaintiff in error, cited : Story on Agency, Sec. 37. *McMillan v. Mackenzie,* 2 Green (Iowa), 268-271.

*Robertson & Campbell* and *Brome, White & Mapes,* for defendant in error.

MAXWELL, J.

This is an action in replevin brought by the plaintiff against the defendant to recover certain goods upon which the defendant had a chattel mortgage. The defendant in his answer states his right to the goods, as follows: "That as such sheriff, on or about the 3d day of July, 1886, he took the said goods and chattels mentioned in plaintiff's petition as the goods of August Weigand and Bernard Strotman, comprising the firm of Weigand and Strotman, by virtue of an execution issued by H. D. Kelly, county judge of Madison county, Nebraska, on the 1st day of July, 1886, which said execution was issued upon a judgment rendered in the county court of Madison county, Nebraska, on the 19th day of June, 1886, in favor of Fred Schelly and against August Wiegand and Bernard Strotman, comprising the firm of Wiegand & Strotman, and the said execution was directed to him, the defendant, as such sheriff, and commanded him to make the amount of the same and costs out of the goods and chattels of said August Wiegand and Bernard Strotman, being the members of the firm of Wiegand & Strotman, as aforesaid. That the defendant took said goods and chattels, as aforesaid, upon said execution, and sold the same as required by law, and returned the proceeds thereof into the county court of Madison county."

The plaintiff claims under a chattel mortgage executed in the firm name of Wiegand & Strotman, on the 13th of of May, 1886, to secure a note of $400 of that date, also

executed in the firm name. The proof shows that both of these instruments were executed by one of the partners. The court therefore directed the jury to find a verdict for the defendant. This is now assigned for error.

In giving this instruction we think the court erred. The presumption of law is, that a promissory note signed in the name of the firm, by one of the partners, is the note of the partnership. The question was before the supreme court of New York, in *Whitaker v. Brown*, 16 Wend., 507, and it was held that a note given by one of several partners in the firm name is of itself presumptive evidence of a partnership debt. *Church v. Sparrow*, 5 Wend., 223. *Onondaga Co. Bank v. DePuy*, 17 Wend., 47. *Pearce v. Wilkins*, 2 N. Y., 469. *Kemeys v. Richards*, 11 Barb., 312. And the burden of proof is on the firm to show the want of authority of the partner. *Carrier v. Cameron*, 31 Mich., 373. *Faler v. Jordan*, 44 Miss., 283. *Sylverstein v. Atkinson*, 45 Id., 81. There being no proof to show that the mortgage was executed for an individual debt of the partner, the court erred in directing a verdict for the defendant. The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.