PHILETUS PECK v. REUBEN R. TINGLEY ET AL.

FILED DECEMBER 22, 1897.  No. 7538.

1. Instructions: ASSIGNMENTS OF ERROR. Alleged errors in giving instructions should be separately assigned in the motion for a new trial, as well as in the petition in error.

2. Partnership Note: EVIDENCE. A note executed by a member of a firm or partnership in the firm name, where it does not appear on its face to have been executed by the firm in any other capacity

than as a principal debtor, and the partnership is a commercial one, is presumptive evidence that the note is the note of the partnership, and shows a valid claim against it.

3. Conclusion of Witness on Vital Issue: ERROR. A portion of the evidence examined, *held* objectionable and erroneously admitted.

ERROR from the district court of Lancaster county. Tried below before STRODE, J. *Reversed.*

*John H. Ames* and *E. F. Pettis,* for plaintiff in error.

*C. E. Tingley* and *E. J. Burkett, contra.*

HARRISON, J.

This action was commenced in the district court of Lancaster county by Reuben R. Tingley of the defendants in error against E. W. Hovey, Fred A. Hovey, and Philetus Peck to recover the amount alleged to be his due on a promissory note of date September 22, 1896, for the sum of $1,200, and having thereon the signatures of E. W. Hovey and Hovey & Peck. It appears that E. W. Hovey was the father of Fred A. Hovey and Philetus Peck the father-in-law; that at the time the note in suit was executed there was a partnership doing business in Lincoln under the firm name and style of Hovey & Peck, of which firm Fred A. Hovey and Philetus Peck were members, the former the active managing member and in charge of the business. Answer was filed for some of the parties whom it was sought to charge with the payment of the debt evidenced by the note, that of Philetus Peck being the only one which needs any particular notice, as he is the only party actively prosecuting error proceedings from the adverse judgment of the district court. His answer was as follows:

"Comes now the above named defendant, Philetus Peck, and having obtained leave of court to file this, his second amended answer herein, answering for himself alone to the petition of the plaintiff, says that he has not sufficient knowledge whereon to base a belief as to the

truth of the allegations contained in plaintiff's petition, and therefore denies the same.

"And by way of first defense herein, this answering defendant avers that at the date mentioned in plaintiff's petition, upon which date plaintiff claims the said note was executed, this answering defendant, together with the defendant Fred Hovey, were a copartnership duly organized and formed under the laws of the state of Nebraska, having their principal place of business in the city of Lincoln, Nebraska, and were at that time carrying on their partnership business. That said partnership was formed for the sole purpose of carrying on the general business of wholesale and retail dealers in stoves, farm implements, hardware, and other goods of a like character, and for no other purpose whatsoever; and that neither of the partners, by terms of the said partnership agreement, had the power or right to pledge the credit of the said partnership for any other purpose than that of carrying on its said business as aforesaid; and that the signing of notes by the said partnership for purposes other than the purchase of goods necessary and usual for the carrying on of their said business, as hereinbefore set out, was expressly prohibited by the terms of the partnership agreement; and that neither the said copartnership nor this answering defendant at any time received any benefit from, or consideration for, the said pretended signature to the said pretended note set out in plaintiff's petition; and that the said pretended note, and the pretended signature of Hovey & Peck thereto, was not made for the purpose of carrying on the mercantile business of the said Hovey & Peck, and that no person whomsoever had any authority whatever to sign the said name of Hovey & Peck to the said pretended note, and of all of which said matters and facts the said plaintiff had full and complete notice at the time of the delivery to him of the note set out in his petition.

"By way of further defense this answering defendant

avers that at the time of the pretended execution of the pretended note set out in plaintiff's petition, he was, and for a long time past had been, a resident of the state of California, of all of which matters and facts the plaintiff at the time of the delivery to him of the said pretended note well knew; and that he never heard of the pretended execution of the said pretended note until after this action was brought; and at no time between the time the said pretended note set out in plaintiff's petition became due, until after the beginning of this action upon the said pretended note, did this answering defendant have any knowledge or notice whatsoever of the existence of any such pretended note."

To this answer the reply was a general denial of all the new matter therein, and further as follows:

"Plaintiff especially denies that the signing of said note by Hovey & Peck was without consideration, but avers that said loan was made for the express benefit of said firm, in that prior to April, 1885, said firm of Hovey & Peck was indebted to P. P. Mast & Co. on an overdue account amounting to about $1,736.50. In order to save said firm from suit on said account, defendant E. W. Hovey became surety for said firm of Hovey & Peck for said amount and secured said debt by giving a mortgage on his farm and home to said P. P. Mast & Co. At the time of making said loan and giving said note sued on in plaintiff's petition, said debt was not yet paid, and plaintiff avers that the proceeds of said loan for which said note was given went to pay off said indebtedness of Hovey & Peck to P. P. Mast & Co., which was secured by said mortgage on defendant E. W. Hovey's farm, or to make necessary improvements upon said farm so that said defendants Hovey & Peck would not be pushed for said indebtedness, the real facts of which this plaintiff is ignorant.

"Plaintiff further especially denies that defendant Philetus Peck was without knowledge of the firm's liability on said note in question before action thereon

was commenced, but avers that all the defendants herein were duly notified of said note upon the day said note became due and payable."

Of the issues there was a trial to the court and a jury, resulting in a verdict and judgment for Reuben R. Tingley.

Some objections to paragraphs of the trial court's charge to the jury are presented in the argument in brief filed for plaintiff in error. In the motion for a new trial the portions of the charge to the jury which it was desired to assail as erroneous were grouped in one assignment. Of one of these it is stated in the brief that it was proper and correct, with which statement we will not take issue. This being determined, we need give the objections to these paragraphs of the charge no further consideration. (*Graham v. Frazier*, 49 Neb. 90; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68; *Denise v. City of Omaha*, 49 Neb. 750.)

It is urged that the trial court erred in refusing at the close of introduction of evidence in chief for defendant in error to instruct the jury, at request of counsel for plaintiff in error, to return a verdict in his favor. We do not think the trial court erred in its ruling on the request of counsel. At the time it was made the note in suit had been received in evidence, and was shown to have been executed by a member of a firm. There was nothing on its face from which it appeared that it purported to be executed by the firm of Hovey & Peck in any other capacity than as a principal debtor. This being true, and the partnership being a commercial one, in the business of which it is usual or at times necessary to borrow money and to issue notes, the presumption arose and prevailed that the note was the note of the partnership, given for a partnership debt, and was a valid claim against the partnership. (*Schwank v. Davis*, 25 Neb. 196; *Whitaker v. Brown*, 16 Wend. [N. Y.] 507; *Van Dyke v. Seelye*, 52 N. W. Rep. [Minn.] 215.)

Reuben R. Tingley, while testifying in his own behalf,

was told by his counsel, "You may state to the jury, in your own language, for what purpose and on what consideration that note was given." (The reference in the foregoing was to the note in suit.) To this an objection was interposed, which was overruled, when counsel for Tingley said, "Just state the facts." Mr. Tingley then said, "Well, the consideration was to Hovey & Peck." This was immediately objected to, but the objection was overruled. In this we think the trial court erred. The matter of the consideration for the execution and delivery of this note, to whom it moved or by whom received, was a vital question of the issues, and one on which the evidence was conflicting and somewhat evenly balanced. The allowance of this statement by the witness may have furnished the turning point for the jury. The testimony was but a conclusion and of a nature to directly affect the rights of plaintiff in error, and its admission prejudicial. It follows that the judgment of the district court will be reversed and the cause remanded.

REVERSED AND REMANDED.