WALTHAM PIANO COMPANY, APPELLEE, v. FRANK A. PIERSON, DEFENDANT: FRANK R. ANDERSON, APPELLANT.

FILED FEBRUARY 14, 1920. No. 20827.

1. **Partnership:** MANAGING PARTNER: POWERS. In a commercial partnership the power of the managing partner to pledge the credit of the partnership in transacting firm business is implied.

2. ———: NOTE: PRESUMPTION. The law presumes that a promissory note executed in the name of a partnership by one of the partners is the note of the partnership.

3. ———: PLEADING AND PROOF: VARIANCE. Evidence that a defendant created a liability by permitting himself to be held out as a partner may be admitted under an allegation that he is liable as a partner, and is not a fatal variance between the pleading and the proof.

4. **Evidence:** BOOKS OF ACCOUNT. As a general rule partnership books are admissible in evidence to show the affairs of the partnership as affecting the firm or the partners, but the rule does not necessarily permit the introduction of a partnership ledger to disprove a third person's claim against a member of the partnership.

5. ———: PARTNERSHIP: NEWSPAPER ADVERTISEMENT. After the proper foundation has been laid, a newspaper, containing an advertisement in which defendant, a subscriber, is represented as a member of a partnership, may be admitted in evidence to prove that he knowingly permitted himself to be held out as a partner, where that fact is in issue.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*F. L. Carrico* and *L. W. Hague,* for appellant.

*M. D. King, J. L. McPheely* and *C. A. Chappell,* contra.

Rose, J.

This is an action to recover the amount due on an unpaid promissory note for $552 dated October 23, 1915, including protest fees. Plaintiff is the payee. The note was signed, "Pierson & Anderson, by F. A. Pierson." The defendants are Frank A. Pierson and Frank R. Anderson, comprising the firm of Pierson & Anderson. The partnership was formed for the purpose of conducting at Axtell the general implement business. The partners were brothers-in-law. Pierson was the manager, and from a financial standpoint Anderson, who lived on a farm, was the substantial partner. After the partnership had been in operation for some time the place of business was changed to Minden. There pianos were bought and sold in the firm name in the implement store of the partnership. Under a partnership contract in writing plaintiff shipped to the firm March 31, 1915, 12 pianos and charged it therefor $1,840. Later, in settlement of the unpaid purchase price, three partnership notes were executed and delivered by Pierson. Of these the only unpaid note is the one in controversy. In the suit on the note Pierson made default. Anderson pleaded in his answer that the piano business was the individual enterprise of Pierson; that the firm never engaged in buying and selling pianos, and that such a business was never within the scope of the partnership agreement; that the firm never made a contract to purchase the pianos; that Pierson, as a partner, was without authority to make such a contract or to execute notes on behalf of the firm for the payment of the purchase price of pianos, and that in these respects Pierson acted solely for himself, and not for Anderson or for the firm, and that the unauthorized acts of Pierson were without the knowledge or consent of Anderson, who never adopted

or ratified them. The facts on which the defense is based were put in issue by a reply. There was a trial to a jury. From a judgment on a verdict against defendants for $636.54, Anderson has appealed.

The principal assignment of error is the insufficiency of the evidence to sustain the verdict. Under the instructions the jury were allowed to find against Anderson if he permitted himself to be held out as a partner of Pierson in the piano business and thus induced plaintiff to extend credit to the firm. It is earnestly argued that there is no competent evidence to sustain a verdict against Anderson on this issue, but an unbiased view of the proofs leads to a different conclusion. For a considerable time pianos were openly bought and sold in the firm name where the implement business was conducted by the partnership. Piano sales were extensively advertised in the firm name. Plaintiff shipped the pianos to the firm under a partnership contract to do so. The execution and delivery of the note in the firm name is established without question. In a commercial partnership the power of the managing partner to pledge the credit of the partnership in transacting firm business is implied. 20 R. C. L. 900, secs. 111, 112. The law presumes that a promissory note executed in the name of a partnership by one of the partners is the note of the partnership. *Schwanck v. Davis,* 25 Neb. 196; *Peck v. Tingley,* 53 Neb. 171. There is ample evidence in the record to sustain a finding that Anderson, with knowledge that pianos were bought and sold in the firm name where the implement business of the partnership was conducted, permitted himself to be held out as a partner in the piano business, and that plaintiff extended its credit on the faith of this partnership relation. On this feature of plaintiff's case alone the evidence is sufficient to sustain the verdict.

It is argued, however, that proof of Anderson's having permitted himself to be held out as a partner in the piano business is outside of the pleadings and at vari-

ance with the petition. This point does not seem to be well taken. It must be conceded, nevertheless, that plaintiff alleges affirmatively Anderson's partnership in the piano business, and that there is a failure to charge in specific terms that Anderson permitted himself to be held out as a partner therein. In the action on the note Anderson's liability as a partner in the piano business is pleaded in the petition. Proof that this liability rests on his having permitted himself to be held out as such a partner is not a fatal variance. 20 R. C. L. 939, sec. 159; *Hartney v. Gosling,* 10 Wyo. 346; *Hancock & Co. v. Hintrager,* 60 Ia. 374.

Another assignment of error challenges the exclusion of a partnership ledger offered in evidence to prove that the proceeds of the sales of pianos were not credited to the partnership. It is a general rule that partnership books are admissible to show the state of the partnership as affecting the firm or the partners. 10 R. C. L. 1176, sec. 375. It does not necessarily follow, however, that such third person is bound by the partnership books or that they are admissible against him to prove that one of the partners was not liable on a note executed by another partner who was entrusted with the management of a trading or commercial partnership. In the present instance there was no error in excluding the partnership ledger.

Another argument is directed to assigned error in admitting in evidence copies of newpapers containing advertisements of piano sales by Pierson & Anderson. The advertisements were conspicuous. The newspapers were local publications circulated generally in the community where the partnership business was conducted. Anderson was a regular subscriber when the advertisements were published. The newspapers were sent to him through the mails. He would naturally examine their contents. They contained advertisements of the piano business in the firm name. Under such circumstances they were admissible as tending to show notice

to Anderson that he was held out as a partner in the piano business. 1 Wharton, Evidence (3d ed.) sec. 675. The other assignments have also been considered without finding an error prejudicial to defendant.

AFFIRMED.

LETTON and DAY, JJ., not sitting.

CORNISH, J., concurring.

I have concurred in this opinion. I do not understand it to hold that, where the question of partnership is in issue, the person denying that the partnership relation in fact existed may not show, in corroboration of his evidence denying the partnership relation, that no books were kept or accountings had, such as is usually the case between those who are in fact partners.