Trumbull, J. The declaration in this case is in assumpsit against the defendants as partners, and contains only the common count for money paid and advanced. The defendants pleaded the general issue, and annexed thereto their affidavits of its truth. The record shows that the money was paid to one of the defendants, and the point in-controversy was, as:to the liability of the other défendants with him as partners. Both parties offered evidence upon the question of partnership, and the jury found a verdict for the defendants, who had judgment accordingly. The correctness of the proceedings in the case, depends upon the construction of Sec. 8, Ch. 40, R. S., which declares: “In actions upon contracts express or implied, against two or more defendants, as partners, or joint obligors or payors, proof of the joint liability or partnership of the defendants, or their Christian or surnames shall not, in the first instance, be required, to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affidavit, as required by law.” The foregoing section, as incorporated into the Revised Statutes, is a literal copy of the second section of an '“Act regulating evidence in certain cases,” ajjproved, February 17th, 1841, except that in the original act the section concludes with the words, “as required by the act concerning practice in courts of law, approved January twenty-ninth, one thousand eight hundred and twenty-seven,” in the place of the words “as required by law,” which conclude the section in the Revised Statutes. The change of these words cannot in the least alter the construction to be put upon the act. It is clear, therefore, that the phrase, “the filing of pleas denying the execution of such writing,” has reference to the plea required to be filed by Sec. 14, Ch. 83, R. S., to put in issue the genuineness of an instrument of writing upon which suit is brought. This Court so understood and treated the words under consideration in the case of Stephenson v. Farnsworth, 2 Gil., 715. It was held in that case, that the statute in question “ was intended to change the rule of evidence respecting the proof of partnership, and place it on the same footing with the proof of the execution of written instruments.” This language of the Court, must of course be understood with • reference to the case then under consideration, and as applying only to a case where the action is brought upon an instrument of writing, the execution of which, is put in issue as required by the practice act. When, therefore, the defendants, who are sued as partners upon an instrument of writing, file a plea verified by affidavit, denying its execution, such plea, according to the statute, also puts in issue the fact of the joint liability of the defendants. In all cases, except when the foundation of the action is an instrument of writing, the execution of which is denied by plea verified by affidavit, whether the action be upon contracts express, or implied, in writing or by parol, defendants who are sued as partners can only put in issue that fact by filing a plea in abatement, specially denying the partnership or joint liability. In this case no such plea was filed, consequently all the evidence upon the subject of the partnership of the defendants, was improperly admitted to go to the jury, as no-such question was in issue. The-Legislature has an undoubted right to-change the rules of evidence and to declare that a fact which the plaintiff, to entitle-himself to recover at the common law, would have been obliged to prove in the first instance, shall be taken as admitted, unless its existence is denied by the defendants in a particular manner. When the plea in abatement is filed, the burden of proving the partnership devolves on the plaintiff, as was the case at the common law, when the general issue simply was pleaded. When several are sued upon an instrument of writing, and they wish to deny their joint liability as well as the execution of the writing, according to the case of Stephenson v. Farnsworth,, the joint liability of all the defendants will be admitted, who do-not join in the affidavit denying the execution of the writing. The rule, however, would be different, when the joint liability was put in issue by plea in abatement. In such a case,, it would be sufficient to verify the plea by the affidavit of one of the defendants, or- a third person. In the view taken of this case, it becomes unnecessary to pass* upon the sufficiency of the evidence to warrant the verdict of the' jury, but we have looked into the1 proofs as contained in therecord, and are satisfied'that a verdict the other way would have been quite as consistent with- the evidence. As the plea required to put the partnership of the defendants in issue, though in form in abatement, goes to the merits of the ease and defeats forever the right of action against the defendants jointly, and as both parties treated the plea filed on the former trial as putting this fact in issue, it will be proper when the case comes off again before the Circuit Court, to allow the defendants to withdraw the plea filed, and deny their partnership by plea in abatement, if they shall be so advised. The judgment of the Circuit Court is reversed, and the cause remanded. Judgment reversed. Treat, C. J. I do not concur in the construction put upon the statute. In my opinion, it was the real design of the legislature to permit defendants to put in issue the question whether they are liable as partners, either by plea in abatement or in bar, the truth thereof being verified by affidavit.