THOMAS DAVIS, Plaintiff in Error, *v.* ISAAC SCARRITT, Defendant in Error.

ERROR TO MORGAN.

The affidavit of one of several defendants, denying the existence of a partnership, or the execution of the instrument sued on, renders it necessary, as to him, that proof of partnership, or of the hand writing, should be made. Co-defendants are not entitled to any direct benefit from such affidavit.

ACTION of assumpsit, commenced by the defendant in error against Davis, the plaintiff in error, and one Wm. Pankey. The declaration contains two counts, and commences, Isaac Scarritt, plaintiff in this suit, complains of William Pankey and Thomas Davis, *late* partners, trading and doing business under the name, style and firm of Pankey & Davis, defendants.

For that whereas the said defendants heretofore, to wit: on the 24th day of July, 1851, at Alton, to wit, at the county of Greene aforesaid, made their certain promissory note in writing, by the name, style and firm of Pankey & Davis, bearing date the day and year last aforesaid, and then and there delivered the said note to the said plaintiff, by which said note the said defendants promised to pay to the order of the said plaintiff, four months after the date thereof, three hundred and forty dollars and forty-one cents, for value received, &c.

And whereas, also, the said defendants afterwards, to wit: on the 3rd day of October, 1851, at the county of Greene,

made their certain other note in writing, bearing date the day and year last aforesaid, by which note, the said defendants, by the name, style and firm of Pankey & Davis, promised to pay to the order of the said plaintiff, one day after the date thereof, six hundred and twenty-two dollars and four cents, for value received.

Pleas of non-assumpsit and payment by Pankey; plea of non-assumpsit by Davis, verified by affidavit.

Venue changed to Morgan county.

At the March term, 1855, of the Morgan Circuit Court, the suit was abated as to William Pankey, and leave was given to Davis to file additional pleas.

And afterwards, at October term, 1855, of the Morgan Circuit Court, the cause was tried by a jury. The plaintiff introduced a witness, who testified that the signatures of the notes were in the hand writing of William Pankey, and then offered to read the notes in evidence, to which the defendant objected. His objection was overruled by the court, and defendant excepted. The notes were then read in evidence, and are signed Pankey & Davis.

Defendant then proved by the same witness, that on the 24th July, 1851, William Pankey was in partnership with one William B. Pankey, and that defendant, Davis, was not in partnership with William Pankey to his knowledge; that William B. Pankey was his partner until last of September or first of October, 1851; that Davis lived in Carrolton, and Pankey in Whitehall, and carried on business there; to which evidence the plaintiff objected, and his objections were sustained by the court and the defendant excepted. This was all the evidence offered on both sides.

The cause was tried before WOODSON, Judge.

PALMER and PITMAN, for Plaintiff in Error.

D. A. SMITH, for Defendant in Error.

CATON, J. This action was upon a promissory note signed "Pankey & Davis." The defendants pleaded severally: Pankey non-assumpsit and payment, and Davis non-assumpsit, which is verified by his affidavit. On the trial, the Circuit Court held, that this was not sufficient to put in issue the making of the note by him, or the existence of the firm of Pankey & Davis, by which the note purported to have been executed. In this the court erred. The eighth section of chapter forty, Rev. Stat., upon which this decision was made, has been twice construed by this court, on this very point. *Stevenson* v. *Farnsworth*, 2 Gil-

man 715, and *Warren* v. *Chambers*, 12 Ill. 124. It was there held that the affidavit of one of the defendants denying the existence of the partnership or the execution of the instrument sued on, was sufficient to entitle the party making the affidavit to make the defence; as to him, the case stands upon proof, the same as it would had the statute not been passed. Full proof, however, is only made necessary by the affidavit as to him. The implied admission created by the statute, still exists as to the other defendant, who is not entitled to any benefit from the oath of his co-defendant, except the incidental benefit which would result from the plaintiff failing to maintain the issue as to one of the joint defendants. The statute says, that when two or more are sued as partners or joint obligors, the plaintiff need not prove the joint liability or partnership, " unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affidavit, as required by law." Here the defendants were sued both as partners and as joint obligors, in the sense in which these words are used in the statute, and either of the defendants had the option to choose which mode he pleased, to deny the joint liability. Davies adopted the latter mode provided in the statute, and he was entitled to make his defence under the sworn plea.

The judgment is reversed and the cause remanded.

*Judgment reversed.*