Syllabus.

# ARCHIBALD ZUEL

*v.*

# THOMAS BOWEN.

1. PLEA IN ABATEMENT—*denying partnership.* Where parties are sued on a note, as partners, and one of them wishes to put in issue the fact of partnership, the proper practice is to plead in abatement.

2. PLEADING AND EVIDENCE—*as to the fact of the execution of a note.* But where the parties sued were in fact partners, and the firm name was improperly signed to the note for the private purposes of one of the partners, then, in order to place the *onus* upon the plaintiff to prove the joint liability of the defendants or the proper execution of the note in the name of the firm, the other partner should file a plea denying the execution of the note, verified by affidavit.

3. SAME—*before justice of the peace.* In proceedings before a justice of the peace, appellate courts will only look at substance, and disregard forms.

4. In a suit before a justice of the peace, against two parties as partners, upon a note signed by the firm name of such partnership, no plea is necessary to put in issue either the execution of the note or the fact of partnership, but an affidavit presenting the issue is sufficient.

5. Where a suit was brought before a justice of the peace, against two parties as partners, upon a note signed by the firm name, and one of the parties filed a plea "that he neither signed, nor authorized, or consented to the execution of the note" verified by his affidavit: *Held,* that, on the trial of the case in the circuit court, it was error to permit the note to be read in evidence, without proof of its execution being first made.

6. PARTNERS—*authority of, to sign notes in firm name.* Each partner is the agent of the other to sign the partnership name to notes given within the scope of the partnership business, but not to sign the firm name to notes relating to business outside of the scope of the partnership.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. S. W. MUNN, for the appellant.

Mr. W. T. HOPKINS, and Messrs. RICKOLSON & SNOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought by Thomas Bowen, before a justice of the peace of Grundy county, on a promissory note for $200, ·against Archibald Zuel and G. A. Randall. The summons was served on Zuel, but Randall was not found. On the trial before the justice of the peace, Zuel filed this plea:

"And now comes the said Archibald Zuel, one of the said defendants in the above entitled cause, and says 'that he neither signed or authorized, nor consented to the execution of the said note declared on,' and of the truth of this, he puts himself upon the country, etc."

This plea was verified by his affidavit, in which he states that it is true in substance and in fact.

The note was signed by "Randall & Zuel." They were summoned by the names of "Archibald Zuel and Gresham Randall, firm of Randall & Zuel." On a trial before the justice, plaintiff recovered a judgment for the amount of the note, and Zuel appealed to the circuit court, where a trial *de novo* was had, with a similar result, and he brings the record to this court on an appeal, and asks a reversal.

The error assigned is, that the court, against the objections of appellant, permitted the note to be read in evidence, without any proof of its execution, notwithstanding the sworn plea. On the other hand, it is claimed that there was no error, as the plea is claimed to be too narrow to operate as a denial that it was rightfully executed by Randall as a partner and on behalf of the firm; that it may be conceded that Zuel did not execute the note, or that he did not consent to it, or authorize it to be done, and yet Randall may have had ample power to sign the note in the name of the firm. Appellant claims that the plea puts in issue that question as well as the other.

The policy of our statute seems to be to free proceedings before justices of the peace, as far as possible, from technicalities, and still enable the parties to have a fair trial. It is

not practicable, before persons who have not made the study of pleadings, evidence and practice, to have observed the same niceties in these branches of jurisprudence as obtain in the superior courts, nor is it desirable that it should.   The great object is, that the parties litigant in that forum may have a cheap and speedy administration of justice, freed from unnecessary forms, and the burthens imposed upon litigation in the superior courts by the employment of counsel.   This being the case, we only look to substance, and disregard form in the proceedings before that tribunal.   Even a plea was not necessary, but an affidavit denying the execution of the note would have answered every purpose, and would have been considered a plea.

At the common law, a party offering any kind of instrument in evidence was required to prove its execution before it could be admitted.   But, as a matter of convenience, and to lessen the expense of litigation, the General Assembly has dispensed with such proof, unless rendered necessary by a plea denying the execution or liability under oath.   And when such denial is made, the party offering the instrument is then required to prove its execution, as at common law, before it can be read in evidence.   And the 36th section of the Practice Act, R. S. 1874, authorizes a person sued as a partner to deny his liability as a member of the firm, by pleading in abatement, or by a plea in bar, denying the joint liability, or the execution of the instrument sued upon, verified by affidavit.   If a partnership did not exist between defendants then the proper plea would have been in abatement.   But if they were partners, and the firm name was improperly used for the private purposes of one of the partners, the proper practice would be for the other to file a plea denying the execution of the instrument, verified by affidavit. And, so far as we can see, that may have been the fact in this case.   See *Davis* v. *Scarritt*, 17 Ill. 202, and *Stillson* v. *Hill*, 18 Ill. 262, and authorities there cited.

But it is urged that the fact that Randall and Zuel were partners, gave each authority to sign the firm name; that each thereby became the agent of the other for the transaction of the firm business, the giving of firm notes included.   This is true of all business within the scope of the partnership.  But it is not true of other business not embraced in the scope of the partnership.

If, in this case, the note was given for Randall's private debt, or for 'purposes not embraced in the business of the firm, Randall had no authority, unless specially licensed for the purpose, to sign the firm name.   If, then, this note was given for other than firm purposes, Zuel's name was signed without authority, and it was not binding on him; and he expressly states that he neither signed, nor authorized, nor consented to the execution of the note.   This language is broad and comprehensive, and, we think, clearly denies that Randall had authority to sign the firm name to the note, and conforms to the statute.

We are, therefore, under the previous decisions of this court, and a fair construction of the statute, of opinion that this plea required the plaintiff below to have proved the execution of the note before it could be received in evidence, and, in permitting it to be read without such proof, there was error, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*