# FRANK W. PALMER

*v.*

# THE NASSAU BANK.

1. INDORSEMENT *in blank.*   Possession of a promissory note indorsed in blank is evidence of title.

2. ASSIGNMENT—*by and to whom.*   No reason is perceived why a bank, through its agent and president, may not, by indorsement, transfer the legal title of a promissory note to such president.

3. AFFIDAVIT OF CLAIM—*when sufficient to require affidavit of merits with a plea.*   Where the caption to an affidavit was, "State of Illinois, Cook county, ss.," and the jurat was signed by one purporting to be a notary public, it was objected that it did not appear of what county or State the officer was a notary, or whether the affidavit was made before him in Illinois or some other State: *Held,* the affidavit was sufficient in the respect objected to.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Messrs. HITHCOCK & DUPEE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon a promissory note.   The court below struck the appellant's plea of the general issue from the files, for want of an affidavit of merits, and rendered judgment against him by default.

Three objections are urged in reversal of the judgment.

First, that the appellee filed no sufficient affidavit with his declaration to demand an affidavit of merits by the appellant, and hence there was error in striking appellant's plea from the files.

The insufficiency claimed in the affidavit is, that it purports to be sworn to before a notary public, but that the notary failed to state of what county or State he was a notary, or whether the affidavit was made before him in Illinois or some other State. An inspection of the record shows this to be the form of the affidavit:

"*State of Illinois, Cook County, ss.     Superior Court of Cook County, April Term, A. D.* 1875.

The Nassau Bank *v.* Frank W. Palmer, Assumpsit."

Then follows the body of the affidavit, with this conclusion:

"This affidavit sworn and subscribed to by Nobbs B. Judah, before me, this 26th day of March, A. D. 1875.

"JOHN L. PARISH, *Notary Public.*"

The objection is not founded in fact.   The affidavit is sufficient in the respect objected to.

It is next objected, that title to the note was not shown in the plaintiff, because the blank indorsement was not filled up to him.

Possession of a note indorsed in blank is evidence of title. *McHenry* v *Ridgely,* 2 Scam. 309 ; *Curtiss* v *Martin,* 20 Ill. 557.   The filling up the blank indorsement was a mere matter of form.   Besides, the declaration alleges a proper indorsement to the plaintiff, and there being no bill of exceptions in the case, it does not appear from the record that the indorsement was in blank, or that the blank indorsement was not filled up at the trial.

If it were necessary, this will be presumed to have been done, in the absence of evidence to the contrary.   The copy of the note attached to the declaration is no part of it.

The suit was upon a note made by appellant to the Cook County National Bank.   The declaration avers that the Cook County National Bank, "under the style of B. F. Allen, Pres't," indorsed the note to B. F. Allen, and that the latter indorsed the same to the plaintiff.

It is then further objected, that the president of the bank

could not be both buyer and seller; that in this case such was the fact, and that appellee's alleged title to the note was through a void indorsement.

The indorsement does not appear to have been the act of B. F. Allen, but of the bank, "under the style of B. F. Allen, Pres't;" nor does it appear that the indorsement was in Allen's handwriting; nor that he had anything to do with it; nor that B. F. Allen was president of the bank, there being no bill of exceptions. And even if the facts were as supposed by appellant, we know of no legal inability in the bank, through B. F. Allen, its agent and president, to transfer, by indorsement, the legal title of the note to him, B. F. Allen.

The judgment will be affirmed.

*Judgment affirmed.*