## George L. Murchie and Janet H. Murchie v. Peck Bros. & Co.

1. PROMISSORY NOTES—*Evidence Under the Common Counts.*—A promissory note is admissible under the common counts upon proof of the maker's signature.

2. SAME—*Denial of Signature.*—The maker of a promissory note upon which an action has been brought, is not permitted to deny its execution or assignment unless he verifies his plea of denial by affidavit.

3. SAME—*Plea of Non-assumpsit—Denial of Execution.*—The plea of non-assumpsit by the maker of a promissory note, in an action upon the same, does not put in issue the execution or assignment of the note unless verified by affidavit.

4. PRACTICE—*Denial of Signature—Joint Makers.*—In an action upon a promissory note against joint makers, a plea of denial verified by one of the makers does not put in issue the execution or assignment of the note by the other persons whose names appear as makers.

**Memorandum.**—Action upon a promissory note. In the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding. Appeal by defendants. Heard in this court at the October term, 1894. Judgment affirmed. Opinion filed January 28, 1895.

### STATEMENT OF THE CASE.

This was an action by an indorsee of a promissory note. The declaration was, in part, as follows:

"For that, whereas, the said defendant heretofore, to wit, on the 28th day of March, in the year of our Lord one thousand eight hundred and ninety-three, at Chicago, to wit, at Chicago, in the county aforesaid, made their certain note in writing, commonly called a promissory note, bearing date the day and year last aforesaid, and then and there delivered the said note to Peter Gow, by which said note the said

defendants, by the name, style and description of George
L. Murchie, promised to pay to the order of Peter Gow, by
the name, style and description of ninety days after date, I
promise to pay to the order of Peter Gow $1,900, at 1208
Tacoma Building, with interest at seven per cent per annum,
for value received." And the said Peter Gow, to whose
order the payment of the said sum of money in the said note
specified was to be made as aforesaid, afterward indorsed
the said note in writing, etc.

Common counts in assumpsit.

The copy of instrument sued on was:

" $1,900.                                CHICAGO, March 28, 1893.

Ninety days after date, I promise to pay to the order of
Peter Gow the principal sum of $1,900 at 1208 Tacoma
Building, with interest at seven per cent per annum after
maturity.

GEO. L. MURCHIE,<br>JANET II. MURCHIE."

(Indorsed on back:)

" Pay to the order of Peck Bros. & Co.,

PETER GOW."

To this declaration the defendants filed a plea of non-
assumpsit, and an affidavit of merits.

MASON BROTHERS, attorneys for appellants; HENRY B.
MASON, of counsel.

APPELLEES' BRIEF, O'DONNELL & COGHLAN, ATTORNEYS.

Where the note sued on is made by copartners or joint
obligors and the plea of non-assumpsit is verified by one, it
is good only as to him. Bailey v. Valley Nat. Bank, 21 Ill.
App. 642; Stevenson v. Farnsworth, 2 Gil. 715; Davis v.
Scarritt, 17 Ill. 202.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION
OF THE COURT.

The note produced upon the trial was like the copy filed
with the declaration, and not being payable to the order of
Peter Gow by the name of " ninety days after date " did

not correspond to that described in the special count. Being offered under the common counts, the signature of George L. Murchie thereto was proven, and there was judgment for $2,052.83.

It is insisted by appellant that the note was not admissible under the special count because of its variance from the one described in the declaration, and that the signature of Janet L. Murchie not having been proven, no judgment against her was authorized.

Section 33 of chapter 110 of the Revised Statutes provides that "no person shall be permitted to deny on trial the execution or assignment of any instrument in writing upon which any action may have been brought or is admissible under the pleadings, when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit."

The plea of non-assumpsit filed by the defendants not being verified, did not put in issue the execution or assignment of the note. Vance v. Funk, 2 Scam. 263; Stevenson v. Farnsworth, 2 Gil. 715; Warren v. Chambers, 12 Ill. 124.

If such plea had been verified by him it would, as a denial of the execution and assignment of the note, have been applicable only to the defendant by whom it was verified. Davis v. Scarritt, 17 Ill. 202; Zuel v. Bowen, 78 Ill. 234.

Appellants, upon the trial, offered to prove that the note was not to be paid until Mr. Murchie had sold his building on Western avenue.

We think that this was no more than an offer to prove a parol agreement inconsistent with the note; see Mager v. Hutchinson, 2 Gil. 266, and Harlow v. Boswell, 15 Ill. 56; but even if, as counsel contend, to be considered as an offer to show a written agreement to that effect, there was no offer to show that the plaintiff did not give value for the note or that it had any notice, before purchasing, of such agreement in contradiction of the terms of the note.

The note was properly admitted under the common counts. Gilmore v. Howland, 26 Ill. 200.

The judgment of the Superior Court is affirmed.