## Charles Bonner et al. v. Knowlton L. Ames et al.

1.    WRITTEN INSTRUMENTS—*Proof of Execution Under Verified Plea.*— Where the execution of an appeal bond is put in issue by a verified plea of *non est factum*, as provided by Section 34 of the Practice Act, the party offering the instrument is required to prove its execution, as at common law, before it can be read in evidence.

**Debt,** on an appeal bond.    Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.    Verdict and judgment for plaintiff; appeal by defendants.    Heard in this court at the October term, 1898.    Reversed and remanded.    Opinion filed March 10, 1899.

MASTERSON & HAFT, attorneys for appellants.

WALTER W. ROSS, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

This is an action in debt on an appeal bond.    The appellants, defendants below, verified their plea of *non est factum*, by denial under oath of execution of the bond, as provided by Section 34 of the Practice Act.

The bond, which is the basis of the suit, was offered in evidence by appellees without any proof of its execution. Appellants objected " that no foundation had been laid for its introduction," and that it was incompetent.    This objection was overruled, and appellants excepted to the ruling. The bond was admitted in evidence, and the trial resulted in verdict and judgment for appellees.

The bond should not have been admitted without proof of its execution by appellants.

94     APPELLATE COURTS OF ILLINOIS.

VOL. 82.]   World's Col. Ex. v. Pasteur-Chamberland Filter Co.

At common law, a party thus offering an instrument in evidence was required to prove its execution before it could be admitted.   But, as a matter of convenience, and to lessen the expense of litigation, the General Assembly has dispensed with such proof, where copy of the instrument sued on is filed with the pleadings, unless rendered necessary by a plea denying the execution under oath.   And when such denial is made, the party offering the instrument is then required to prove its execution, as at common law, before it can be read in evidence.   Zuel v. Bowen, 78 Ill. 234.

The variance resulting from a mistake in the recital of the name of one of appellees in the declaration, can be cured by amendment before another trial.

The judgment is reversed and the cause remanded.