## Henry Cohn v. Jacob Franks.

1. Mortgage Foreclosure—*What a Decree and Sale Settles.*—The decree of foreclosure and sale in a foreclosure proceeding by a prior mortgagee, where he bids in the premises for the full amount of his debt and costs under the decree, settles the amount due him from the mortgagor, and as to him such sale satisfies the decree but yields nothing to be applied upon the amount found due to the subsequent mortgagee.

2. Same—*Rents and Profits During the Period of Redemption.*—After a sale in foreclosure proceedings by a prior mortgagee at which the premises are bid in by him for the amount of his debt and costs, the right of possession of the premises and the rents and profits of the same during the period of redemption fall to the mortgagor.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed July 23, 1901.

**Statement.**—In a foreclosure suit brought by the Northwestern Life Insurance Company, as mortgagee, against the appellant, Cohn, as mortgagor, the appellee, Jacob Franks, was made a party defendant, and he answered.

The main case went to a decree in favor of the complainant, which decree was affirmed upon appeals by Cohn, the mortgagor, to this court and the Supreme Court, respectively. Subsequently the mortgaged premises were sold under the decree and were bid in by the complainant insurance company for the full amount of indebtedness, costs, etc., due to the said complainant company under the decree.

The present appellee, Franks, who was, as already stated, a party defendant to the foreclosure bill, filed his answer to the bill, in apt time, wherein he set up his interest in the mortgaged premises under a second mortgage, and at the same time filed his petition praying for the appointment of a receiver to collect the rents of the premises and apply the same upon the indebtedness due to petitioner on said second mortgage.

Upon the hearing of the motion for a receiver based upon said petition the Circuit Court entered an order denying it,

Cohn v. Franks.

without prejudice to its renewal after a sale of the mortgaged premises which might be decreed.

Afterward the cause was referred to a master in chancery and the subsequent proceedings already spoken of were had.

After the premises were sold and bid in, as we have said, by the complainant insurance company, and at the same term at which the report of sale was approved, Franks renewed his petition for the appointment of a receiver of the rents derivable from the premises during the period of redemption, setting forth the facts concerning his said second mortgage, and the additional facts that there was found to be due him by the report of the master, under his second mortgage, and the promissory notes thereby secured, the sum of $1,162.91, and $100 for solicitor's fees, and that the amount so due to him was a second lien on the premises, superior to every other lien thereon except that of the complainant insurance company; that the master's report was duly approved and confirmed by the decree of foreclosure and sale that was entered thereon by the court, and there was thereby found to be due to petitioner the amount aforesaid, and that the same was thereby declared to be a second lien upon the premises; that no part of such amount so found to be due to petitioner has ever been paid, but the same remains, with interest, wholly unpaid and unsatisfied; that Cohn, the mortgagor, who is personally liable for the said indebtedness, is hopelessly and absolutely insolvent; that the mortgaged premises were sold for their value and that there is no security left for the petitioner except the rents and profits derivable from the premises during the period of redemption, wherefore the appointment of a receiver with the usual powers, etc., was asked for.

Upon a hearing of said petition, and the affidavit of Cohn, the mortgagor, in opposition thereto, the Circuit Court appointed a receiver as prayed by the petition, and ordered all persons in possession of the premises to attorn and pay rent to the receiver, or to turn over possession to him.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellant.

JULIUS & LESSING ROSENTHAL, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

A motion was made by appellee, that was reserved to the hearing, to dismiss the appeal on the ground that it is an appeal from an interlocutory order, and was not perfected within sixty days from the entry of the order appealed from, as provided by the statute relating to appeals from interlocutory orders. Hurd's Rev. Stat. 1899, Sec. 52, Ch. 22, entitled Chancery.

We do not think the motion to dismiss the appeal should prevail. The decree of foreclosure and sale settled the amount due from the appellant to the appellee, and was final in respect thereof, and payment was the only matter for controversy that remained. The sale of the premises fully satisfied the decree in favor of the complainant insurance company, but yielded nothing to apply on the amount found to be due to appellee. The right to the possession of the premises, and the rents and profits thereof, during the period of redemption, then fell to the appellant mortgagor. Davis v. Dale, 150 Ill. 239; Bogardus v. Moses, 181 Ill. 554.

The amount due to appellee remained unchanged, and the appointment of a receiver for the rents and profits during that period, and the order that all persons in possession attorn to him, or refusing to so attorn that they surrender possession to him, was, in its nature, final process to collect the money due and satisfy the decree. All ultimate rights between the parties were fully settled by the decree and nothing remained to bed one except to pay the money, or enforce its collection. In whatever way the decree should be enforced, whether through a receiver of the rents and profits, or otherwise, would not, we conceive, make the decree any less a final one. Wright v. Case, 69 Ill. App. 535; People v. Prendergast, 117 Ill. 588.

The cases cited by the appellee do not seem to us to fit the facts of this case. In them all, there appears to be something yet to be done beyond the mere collection of

moneys found to be due by final decree.   In this case there are no persons except the two parties to this appeal who are or can be concerned in the result of the receivership, and the mere possibility that an accounting may be necessary between the receiver and Cohn at the end of the redemption period, does not, in our opinion, make the order any more interlocutory than might be the case in the instance of any execution to collect a debt.   This leaves the merits of the order appointing the receiver to be considered.

It does not seem to be denied by the appellant that the provisions of the mortgage securing the indebtedness to appellee constitute a sufficient pledge of the rents and profits during the redemption period to justify the appointment of a receiver thereof, if the proper foundation were laid.   The original bill being filed by the senior incumbrancer, and the junior incumbrancer being made a party defendant, the right of the latter to participate in the distribution of the surplus after satisfaction of the former seems to be unquestionable, where the latter has duly set forth his claim by answer.   A cross-bill was unnecessary unless affirmative relief other than a foreclosure were asked.   And so, also, it was not necessary that the decree should specifically provide for a foreclosure of both mortgages, or specifically subject the premises to sale for the payment of the amounts found due under both mortgages. (Soles v. Sheppard, 99 Ill. 616; Roach v. Glos, 181 Ill. 440; First National Bank v. Illinois Steel Co., 174 Ill. 140.) Appellee's mortgage pledged the rents and profits to him, and after the first mortgage was satisfied by the sale, it would seem to be no more than right and proper that the rents and profits during the redemption period should be applied in satisfaction of the amount due him.   The only way this could be done was through a receiver.   The receiver was first applied for by the appellee, by petition, at the time he filed his answer, and was refused temporarily—until sale was had—with leave to renew it after final decree and sale.   After the sale and in the term at

which it was approved, the application was renewed and allowed. This was a timely insistence upon his rights by the appellee, and if, under any authority, a cross-bill was a proper mode of urging relief by way of a receiver, we do not see why the petition did not answer all purposes of a cross-bill for that object.

Upon the merits, the order appealed from must be affirmed.