# Margaret W. Ryan et al. v. Illinois Trust and Savings Bank.

1.  RENTS—*During Foreclosure Suits May be Mortgaged.*—The effect of a provision in a trust deed authorizing, after a default, the appointment of a receiver to collect the rents during the pendency of a suit to foreclose, is in effect a mortgage of the rents and profits of the specific premises conveyed by the trust deed.

2.  RENTS AND PROFITS—*May be Included in a Trust Deed.*—Rents and profits are just as much property as the estate out of which they arise, and as such are equally the subject of mortgage.

3.  RECEIVERS—*Appointment of, Under Trust Deeds.*—Where a trust deed authorizes, upon a default and the filing of a bill to foreclose by the holder of the indebtedness, the appointment of a receiver to enter upon and take possession of the premises, such appointment is properly made.

4.  PRESUMPTIONS—*Ownership from Possession—Promissory Notes.*— The proper delivery of a promissory note, indorsed in blank, is presumed, and the title to it is, *prima facie*, in the person in whose possession it is.

**Bill of Foreclosure.** — Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

THOMAS E. D. BRADLEY and AUGUSTUS N. GAGE, solicitors for appellants.

JAMES C. HUTCHINS and MAX BAIRD, counsel for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a decree of foreclosure and sale, entered on a bill filed for that purpose. The errors that are assigned and argued, consist of those that affect the right and power of the Superior Court to appoint a receiver pending the suit; to continue the receiver in possession after final decree; the allowance of solicitor's fees, and what may be termed a variance between the indebtedness alleged and that proved.

The trust deed contained a provision whereby the makers of it released and waived " all right to retain possession of said premises after any default in payment or a breach of

any of the covenants or agreements herein contained."
Then followed two provisions, providing an alternative
mode of enforcing the first provision above, viz., after
default, on application of the legal holder of the note
secured thereby, it should be lawful for the trustee or his
successor in trust " to enter into and upon and take posses-
sion " of the granted premises, or any part thereof, or, under
like circumstances, the legal holder of the note might file a
bill, in his own name or otherwise, in any court of compe-
tent jurisdiction, against the party of the first part, her
heirs, etc., to obtain a decree for the sale of the mortgaged
premises, or any part thereof, " and the court may then
appoint a receiver to collect the rents during the pendency
of the suit." Here are two provisions providing alternative
methods for enforcing the first above provision, releasing
the mortgagor's right to retain possession of the mort-
gaged premises after default—one by entry and taking pos-
session by the trustee, and the other by filing a bill and pro-
curing the appointment of a receiver. The effect of these
provisions was to constitute a mortgage of the rents and
profits of the specific premises conveyed by the trust deed,
and a contract for a lien of that kind will be enforced.
Loughridge v. Haugan, 79 Ill. App. 644; First National
Bank of Joliet v. Illinois Steel Company, 72 Ill. App. 640;
Cohn v. Franks, 96 Ill. App. 206.

But it is claimed by appellants that their release of the
right of possession was made in favor of the trustee, as a
sort of personal trust in him, and has no application in con-
nection with the provision for the appointment of a receiver
in case of a suit brought by the holder of the note. We
do not think so. The trust deed was in effect the same as
a mortgage. It was given to secure a debt, and the holder
of the debt is entitled to all the security that is given to
the trustee. (Sargent v. Howe, 21 Ill. 148; Cheltenham
Improvement Company v. Whitehead, 128 Ill. 279.) More-
over, the authority to appoint a receiver was express, that
upon default and the filing of a bill to foreclose, a receiver
should be appointed. There is nothing unconscionable

about it, that does not apply to every case of a mortgage which authorizes the appointment of a receiver after default, and on application of the holder of the indebtedness secured by it.  " Rents and profits are just as much property as the estate out of which they arise, and are equally the subject of mortgage or sale."   First National Bank v. Illinois Steel Company, *supra.*

We do not regard the authorities cited by appellants as controlling, or even as applicable in decisive respects, but do not take time to review them in our opinion.

Appellants complain because the receiver is continued until the further order of the court, but make very little argument to support their position, except to say that the suit was terminated when the final decree was entered. Manifestly, if the occasion for the appointment of a receiver existed, as we think it did, that occasion does not cease with the entry of a decree of sale.   Whether or not the occasion will end when the result of a sale is known, depends on matters not now before us, and not even susceptible of forecasting.

It is next contended that the proofs are of a note different from the one alleged in the bill, and this contention seems to be based on the fact that the note mentioned in the trust deed is there recited to have been delivered to the trustee, August Gatzert, whereas it is alleged in the bill to have been delivered to the complainant, the Illinois Trust and Savings Bank.

The allegation of the bill is that the note was indorsed in blank by the makers, to whose order it was payable, and by them delivered to the complainant, who is now the owner thereof.   And upon the hearing the note was offered in evidence, and a clerk in appellee's bank testified that the Illinois Trust and Savings Bank was the owner of it at the time it was offered, and at the time the bill was filed.   And the president of the bank testified that the election to declare the note due was made at his direction.   The appellants introduced no evidence to the contrary, but relied simply on the note and trust deed.

The note in evidence corresponding with the one described in the trust deed, was *prima facie* evidence that it is the same as the one described in the mortgage. Wolcott v. Lake View B. and L. Association, 59 Ill. App. 415.

Besides, the proper delivery of a promissory note indorsed in blank is presumed, and the title to it is *prima facie* in the person in whose possession it is. Palmer v. Nassau Bank, 78 Ill. 380; Morris v. Preston, 93 Ill. 215.

The solicitor's fees were properly allowed. Heffron v. Gage, 149 Ill. 182; Cheltenham Improvement Company v. Whitehead, 128 Ill. 279.

We observe nothing else requiring special mention, and there only remains to order an affirmance of the decree. Affirmed.