### Rudolph Lechner v. Andrew H. Green.

1. RECEIVERS—*Where Rents and Profits Are Pledged to the Payment
of the Mortgage Debt.*—Where the rents and profits are pledged as
security for the mortgage debt the appointment of receivers is a matter
within the discretion of the chancellor, and it is not an abuse.

Bill to Foreclose a Trust Deed.—Appeal from the Superior Court
of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard
in this court at the October term, 1902. Affirmed. Opinion filed No-
vember 13, 1902.

WILLIAM SLACK and JOHN C. WILSON, attorneys for ap-
pellant.

HERMAN B. WICKERSHAM, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

On a sworn bill to foreclose a trust deed, supported by
the affidavit of a real estate dealer in Chicago, to which
was opposed the affidavits of eight real estate dealers in
Chicago, the chancellor appointed a receiver. The trust

Lechner v. Green.

deed conveys the premises sought to be foreclosed and the "rents and profits" thereof as security for the debt, and provides that on the filing of a bill to foreclose it, the court may, without notice, appoint a receiver for the benefit of the holder of the indebtedness, "with power to collect the rents, issues and profits of said premises during the pendency of the foreclosure suit, and until the time to redeem the same from any sale" shall expire.

The evidence shows, and it is not disputed, that there is due on the notes secured by the trust deed over $20,000, that the premises are only partially rented, and some of them have not been rented for several years; that "the rents are not sufficient to pay the carrying charges, to wit, interest, taxes, insurance, assessments, repairs, etc.;" that appellant, who is a purchaser of the premises since the making of the trust deed, is attempting to collect the rents and divert them to his own use; that no interest has been paid since December 29, 1898, although it is payable semi-annually, and the bill was filed July 9, 1902. There is no evidence as to the solvency of the parties liable for the debt.

The preponderance of the evidence is that the premises are worth at least $27,500, though the evidence on behalf of the complainant is that the real estate is scant and meager security for the amount due on the incumbrance, and is not worth $20,000.

We have had before us similar questions to the one here presented upon facts similar to those shown by this record, and have held, in effect, that the appointment of receivers in such cases was a matter within the discretion of the chancellor, and that it was not an abuse of that discretion to appoint a receiver. Some of the cases, it is claimed, go further, and hold that where the mortgage conveys the rents and profits in addition to the real estate, and provides for the appointment of a receiver on default in its covenants, it is immaterial that the real estate is ample security and the debtor is solvent, for the reason that when the contract is fairly entered into between the parties, it governs and should control the chancellor. Ortengren v. Rice,

104 Ill. App. 428, and cases cited; Erickson v. Berkshire Life Ins. Co., No. 10613, filed October 27, 1902, not reported; McLester v. Rose et al., 104 Ill. App. 433, and cases cited.    See also, Wiltsie on Foreclosure of Mortgages, 781; Smith on Receivers, Sec. 172; Ryan v. Ill. T. & S. Bk., 100 Ill. App. 251.

For the purposes of this case it is unnecessary, in our opinion, to hold that the value of the mortgaged premises and the solvency of the persons liable for the mortgage debt, are immaterial.  Considering the value of the property as shown by the evidence, the other facts above referred to, including the conveyance of the rents and agreement that a receiver might be appointed on default, and that it does not appear whether the persons liable for the debt are solvent or not,. we can not say the chancellor abused his discretion in appointing the receiver.

It is true, that if we must be guided solely by the opinions of value of the real estate dealers, then it would seem that the complainant has ample security for his debt, since there appears to be a margin between the debt and the value of the real estate of some $7,500.  Common business experience, however, is that this margin, considering the amount of the incumbrance, makes the real estate very meager security.  No one loaning money would for a moment, under the undisputed facts of this case, consider a further loan on this property.  No court would take the owner of the equity, in view of the facts shown by this record, as surety on an appeal bond of $100, because of the large incumbrance upon his real estate, and having no knowledge as to his solvency.

The whole record considered, we are of opinion the chancellor did not abuse his discretion, and the order appointing the receiver is affirmed.