## W. A. McCasland et al. v. Southern Illinois National Bank.

1. NEGOTIABLE INSTRUMENT—*when bank innocent purchaser for value.* Held, from the particular evidence in this case, that the appellee bank was an innocent purchaser for value of a note discounted by

the payee and was therefore entitled to protection against equitable defenses.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

W. M. VANDEVENTER and W. E. KNOWLES, for appellant.

WISE & McNULTY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced by appellee against appellants, before a justice of the peace of St. Clair county, to recover on a promissory note for $200. From the justice's judgment an appeal was prosecuted to the City Court of East St. Louis, where the case was tried by a jury resulting in a verdict in favor of appellee for $200. A remittitur of $7.20 was entered and the court rendered judgment on the verdict for $192.80.

The evidence tends to prove that on the 12th day of December, 1903, appellants executed their promissory note for $320, payable ninety days after date, to the order of Beckwith-Sikking Lumber Company; that on December 16, 1903, Beckwith-Sikking Lumber Company duly assigned the note to appellee, and appellee discounted it and placed the proceeds, $314.40, to the credit of Beckwith-Sikking Lumber Company; that appellants paid $120 on the note at or before its maturity, and on March 11, 1904, executed their new note for $200, the balance, payable in sixty days, to the order of appellee; that at the time appellee discounted the note and gave Beckwith-Sikking Lumber Company credit for the proceeds, that company was indebted to appellee in the sum of $96.52, and that before appellee had any notice of appellant's alleged defense, the Beckwith-Sikking Lumber Company had drawn out all of the proceeds of that discount that remained to its credit, except $7.20. All these facts the jury was warranted in finding, and it is not claimed that appellee had any notice of any

kind, that appellants had or claimed to have any defense to either the original note or the renewal note.

Our Supreme Court in Warman v. First National Bank, 185 Ill. 60, holds the law to be, that "defendants to a suit on a note by an indorsee bank, in order to sustain their claim that the bank is not entitled to protection as an innocent purchaser, must show, not only that the bank merely credited the proceeds of the discounted note by way of deposit in favor of the payee and that the payee was not then indebted to the bank, but must also prove that the amount due upon such deposit, if any, had not been drawn out at the time of the trial, there being no claim of an earlier notice to the bank of such defense."

We find no error in the instructions that could have misled the jury, to the prejudice of appellants, and are of opinion that upon the facts, as shown by the record, the law is with appellee.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*